City Railway Co. v. Lee.

CITY RAILWAY COMPANY, PLAINTIFF IN ERROR, v. WIL-
LIAM H. LEE, DEFENDANT IN ERROR.

The plaintiff below was riding upon an open street car. The seats and
platforms of the car were filled with passengers, and he was obliged to
take his place with others on the foot-board running longitudinally
with the car. At the point where he entered this car there was but a
single track; further on the track was double, with a space of two feet
eleven inches between the nearest rails of the two tracks. There was
not room for persons standing on these foot-boards to pass each other
in safety if both foot-boards were occupied by passengers. Plaintiff
was knocked off and injured by colliding with a passenger standing
on the foot-board of a like car passing on the other track. Plaintiff
was a stranger to this road, unfamiliar with its construction, equip-
ment and management.—*Held*, that if the question of contributory
negligence was raised by the case, it was one for the jury, and it was
properly submitted to them.

On error to the Supreme Court.

The plaintiff below became a passenger on an open car of
the defendant company which at the time had passengers on
board in number sufficient to occupy all the seats. When
the plaintiff was invited to go on board the car there was no
other room than a standing-place on the running-board along
the side of the car. Other passengers stood upon the run-
ning-board of the same, as well as the other side of the car.
At the point where the plaintiff embarked there was but a
single track; farther on, in the direction the car was travel-
ing, the track was double. A car of like form on the other
track, and carrying passengers upon the running-board, met
the car which carried the plaintiff. The space between the
two cars was not sufficient to permit persons to pass with
safety, standing upon the inner running-boards of the pass-
ing cars, and in the passage of these cars the plaintiff was
thrown by contact with a passenger standing on the running-
board of the other car, and was injured. For this suit was
brought, and the plaintiff recovered damages. To reverse the
judgment this writ of error is brought.

For the plaintiff in error, *H. N. Barton* and *B. Gummere.*

For the defendant in error, *Carroll Robbins* and *James Buchanan.*

The opinion of the court was delivered by

KNAPP, J.   The bill of exceptions sealed and sent with·
the record in this case presents the question whether the trial
court erred in law in refusing to non-suit the plaintiff at the
close of his case in response to the request of the defendant.
The suit was for negligent injury to the plaintiff below, the·
defendant here, received by the defendant while a passenger
on a car of the plaintiff, being transported over its line.   It
is not contended, seriously, that at the close of the defendant's
case there was no evidence to go to the jury in support of the
averred negligence of the company.   The ground relied upon
in the defendant's defeat was that he by his own carelessness·
materially contributed to his own injury, and that this ap-
peared in the evidence in his own behalf.   There is no doubt
as to the legal rule that negligence on the part of a plaintiff,
such as contributes to the injury of which he complains, when
discovered through his own testimony, will preclude his right
of recovery.   *C. R. R. Co.* v. *Moore,* 4 *Zab.* 268, 824 ; *Run-
yon* v. *C. R. R. Co.,* 1 *Dutcher* 556 ; *Drake* v. *Mount,* 4
*Vroom* 441 ; *Penna. R. R. Co.* v. *Mathews,* 7 *Vroom* 531 ;
*D., L. & W. R. R. Co.* v. *Toffey,* 9 *Vroom* 525.

And it is also settled that a refusal of the court to non-suit
on request, where such ground exists for the motion, is legal.
error.   *Horse R. R. Co.* v. *Ward,* 18 *Vroom* 560.

Whether, then, the court was wrong in its refusal to non-
suit must depend upon the existence in the testimony of such
proof of fault and imprudence on the part of the defendant,.
exposing him to injury as, in the eye of the law, is culpable.
If the testimony left that question in doubt, it was for the
jury, and not the court, to determine.   To determine this the·
facts which are not in dispute must be adverted to.

The defendant was riding on an open car drawn by two·

horses. When he was invited to enter, the seats and platforms of the car were filled, and he was obliged to take his place with others on the foot-board running longitudinally with the car. The roof of the car was supported by stanchions or posts, opposite to one of which the defendant placed himself. At the point where he entered this car the company had but a single track; further on the track was double, with a space of two feet eleven inches between the nearest rails of the two tracks. Two cars of the sort the defendant was riding on, passing each other on this double track, would' be separated by about ten inches along the edges of the two nearest foot-boards, which foot-boards were about nine inches wide each. A person might stand on one foot-board and pass a car on the other track, without injury, if the foot-board of the car on such other track were free from passengers. There was not room for persons standing on these foot-boards to pass each other in safety if both foot-boards were occupied by passengers. The plaintiff below was knocked off his car and injured by colliding with a passenger standing on the foot-board of a like car of the company, passing in an opposite direction along the double track. The plaintiff in error contends that the position of the defendant was obviously so dangerous a one that to take it was, *in se*, negligent.

The plaintiff below was a stranger to this road, unfamiliar with its construction, equipment and management. Where he entered the company's car the track was single, and there is nothing shown to indicate knowledge on his part that it was different elsewhere. He was invited by the agent of the company to take a position on the car, and when so invited the only position left for him was that which he assumed. It was, therefore, taken with the assent of the company's agent. It appears to be the practice of the company to carry passengers there; not only on the car which he boarded, but on the car with which he collided, passengers were being carried in the same way. The mere fact of riding on a platform of a street car is not conclusive proof of negligence. *Nolan* v.

*Brooklyn R. R. Co.*, 87 *N. Y.* 63; *Meesel* v. *Lynn R. R. Co.*,. 8 *Allen* 324; *Fleck* v. *Union Ry. Co.*, 134 *Mass.* 481.

In *Meesel* v. *Lynn R. R. Co., supra,* it is truly said "that. the seats inside the car are not the only places where the mana- g rs expect passengers to remain, but it is notorious that they ɔp habitually to receive passengers to stand inside the car- ᴉtil the car is full, then to stand upon the platforms until ᴉey are full, and continue to stop and receive them even after ᴉere is no place to stand except on the steps of the platforms. Ꭵeither the officers of this corporation or the managers of the ᴉars, nor the traveling public, seem to regard this practice as-. ᴉazardous, nor does experience thus far seem to require that it should be restrained upon the ground of its danger. There is, therefore, no basis upon which the court can decide on the· evidence that the plaintiff did not use ordinary care."

In that case the plaintiff was injured by being thrown from. the platform of a moving car.

It has been asserted as a rule of law that a carrier who-. assigns a passenger in his charge to a position of danger may not, in case of injury, set up the passenger's acceptance of such a position as contributory negligence, but is estopped. from so doing. A rule so broadly stated must admit of many exceptions. The duty of a carrier in transporting passengers. is one which calls for a high degree of care, but it is not one· amounting to absolute insurance of safety. He has not con- trol of the person of the passenger. He has the right to· adopt and enforce reasonable rules for the safety of his pas- sengers, and to these, when made known to him, the passenger· is bound to conform. The passenger is at liberty to conclude that rules or directions of the carrier assigning him to place or position are subservient to the duty which the carrier owes. him, and that he may take such position in safety unless to· do so would be a blind surrender of care and judgment for his own safety, or an inexcusable failure to use his senses to-. that end. It certainly cannot be contributory negligence that. he, at the invitation of the defendant, exposed himself to risk.

of danger created by the defendant, and which he did not know and of which no warning was given.

The position on this outside platform undoubtedly was attended with some risks and exposures. One riding in that manner is chargeable with the knowledge that the public highway on which the track lies is used in all its parts by the ordinary vehicles of travel; that there is a liability of collision with such vehicles in passing. And had the plaintiff received his injury from such cause, it may be that negligence contributing to his injury would be imputed to him. But he was not presumed to know that the company's road was so constructed, or its cars so run as to render a position in which it invited him to ride, a dangerous one.

If the question of contributory negligence was raised by the case, it was one for the jury, and there was no error in refusing to non-suit and submitting that question to them.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, GARRISON, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, McGREGOR, WHITAKER. 11

*For reversal*—None.