Sabine & East Texas Railway Company v. William Hanks.

No. 3012.

**Gross Negligence—Charge.**—In a suit by a parent against the defendant, a railway company, for negligently causing the death of his son, in a case where the liability depended upon the gross negligence of the employes, the court after a correct charge defining gross negligence added the following: "If at the time of the injury to the deceased which resulted in his death he from fear or any other cause jumped or ran upon the track of defendant, after having before left it, in front of a moving engine and train of defendant, and in such close proximity to the train as that the servants of the company in charge of such train by the exercise of ordinary care could not have prevented the injury, then the defendant would not be liable in damages for the death of the deceased; and should you so find and believe from the evidence that the child, or deceased, went upon the track under such state of surroundings and in such way, then you should find for the defendant." *Held*, that this charge was calculated to confuse and mislead the jury, and to destroy the effect of the instructions preceding it, and is ground for reversal of judgment for the plaintiff, there being no proof of gross negligence.

Appeal from Tyler. Tried below before Hon. W. H. Ford.

This is a second appeal. See 73 Texas, 324. The report in first appeal gives the facts.

*Perryman & Gillaspie*, for appellant. — 1. Defendant at the time of the accident was liable only for the gross negligence or carelessness of its servants or employes, and the definition of any degree of negligence other than that of gross negligence was inapplicable and calculated to mislead the jury. Rev. Stats., art. 2899, before amendment of 1887; Railway v. Hill, 71 Texas, 451; Railway v. Hanks, 73 Texas, 323; Cannon v. Cannon, 66 Texas, 682; Railway v. Terry, 42 Texas, 451.

2. There can be no recovery in the case unless the death of Cyrus Hanks was caused by the gross negligence or carelessness of defendant's servants or employes, and the court erred in instructing the jury to the contrary.

3. A want of ordinary care is not gross negligence. Gross negligence is that entire want of care which would raise a presumption of a conscious indifference to consequences. Cotton Press v. Bradley, 52 Texas, 600; Shearm. & Redf. on Neg., sec. 600; Railway v. Cocke, 64 Texas, 151.

Definition of ordinary care. 2 Am. and Eng. Encyc. of Law, p. 732; Ernst v. Railway, 35 N. Y.; Brown v. Lynn, 31 Pa. St., 512.

*West & Chester* and *Cooper & Mooney*, for appellee. — 1. The court did not err in defining negligence in its charge; and if this portion of the charge is erroneous it is fully corrected by the balance of the charge, and the charge is construed as a whole. Railway v. Tankersley, 63 Texas, 57; Railway v. Wright, 62 Texas, 515; Mills v. Ashe, 16 Texas, 304; Able v.

Lee, 6 Texas, 427; Vaughan v. The State, 21 Texas, 752; Railway v. Stewart, 57 Texas, 166; Railway v. Cocke, 64 Texas, 151.

2.   This charge does not instruct the jury that if the injury could have been prevented by ordinary care that they should find for plaintiff, but that if by ordinary care they could not have prevented the injury they should find for appellant.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damage for the death of his son, a minor.

The cause was once before before this court, when the judgment was reversed on account of errors in the charge.   73 Texas, 324.

It was then decided that as the law stood at the time of the death of plaintiff's son the defendant was liable only if the injury was caused by the gross negligence of its servants.

Upon the trial from which the present appeal is taken the court fully explained the degrees of negligence, and charged the jury that the plaintiff could not recover unless the evidence showed that the injury to his son was caused by the gross negligence of the defendant's servants.

But a subsequent part of the court's-charge contains the following language:   "If at the time of the injury to the deceased which resulted in his death he from fear or any other cause jumped or ran upon the track of defendant, after having before left it, in front of a moving engine and train of defendant, and in such close proximity to the train as that the servants of the company in charge of such train by the exercise of ordinary care could not have prevented the injury, then the defendant would not be liable in damages for the death of the deceased; and should you find and believe from the evidence that the child, or deceased, went upon the track under such state of surroundings and in such way, then you should find for the defendant."

This charge is complained of as being misleading as to the degree of care incumbent upon the defendant.

The charge seems to us to have been well calculated to confuse and mislead the jury and to destroy the effect of the instructions preceding it.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*