SAN ANTONIO TRACTION COMPANY v. J. A. BRYANT.

Decided November 19, 1902.

1.—Contributory Negligence—Street Railway Passenger—Projecting Bridge Girder.

Where plaintiff boarded an open street car which was crowded, and in going to the further end of the car to obtain a seat used the running board along the outside of the car instead of the aisle through its center, and was struck by a projecting bridge girder, the dangerous proximity of which he did not observe, he was not guilty of contributory negligence as a matter of law.

2.—Same—Negligence Per Se.

Under the weight of authority it is not, it seems, negligence per se for passengers to stand on the platform or running board of a street car, even where there are vacant seats inside.

3.—Practice—Overruling Exceptions—Harmless Error.

Error in overruling exceptions to plaintiff's allegation that a city ordinance required street cars to have both a conductor and motorman was harmless where no evidence of such matter was offered, and no issue in relation to it submitted to the jury.

4.—Same—Exception—Motion to Strike Out Supplemental Petition.

A motion to strike out a supplemental petition, aimed at the pleading as a whole, is to be treated as a general exception, and is properly overruled where any part of such pleading presents a valid replication to any part of defendant's answer.

5.—Same—Reading Pleadings to Jury.

Where a motion to strike out a supplemental petition has been properly overruled, plaintiff has the right to read it to the jury along with his other pleadings.

6.—Same—Leading Question—Harmless Error.

A question asking a witness, who had already stated that plaintiff was on the running board of the street car when first seen by him, "On what part of the running board when you first saw him?" was not objectionable as leading; and error in allowing the question, if any, was harmless where the evidence was undisputed that plaintiff was on the running board at the time of the injury.

7.—Street Railway—City Ordinance Regulating Speed.

In an action by a street car passenger for injuries resulting from coming in contact with a bridge girder, a city ordinance restricting the speed of street cars to three miles per hour in crossing bridges was relevant to the issues of the case where there was evidence that the speed of the car exceeded the prescribed rate at the time plaintiff was injured.

Appeal from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*Houston Bros.* and *R. J. Boyle*, for appellant.

*T. F. Shields*, for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against appellant to recover damages for personal injuries alleged to have been inflicted by the negligence of the company.

The substance of the allegations in plaintiff's petition is: That while as a passenger on one of defendant's electric street cars, in cross-

ing a bridge in the city of San Antonio, he, by the negligence of the company, came in contact with an upright girder of the bridge while in the act of stepping in to the car from the running board thereof, and was thereby knocked off and seriously and permanently injured; that defendant in maintaining its track and operating its car upon and over said bridge was guilty of negligence: (1) in constructing and maintaining its track too close to the upright portion of said bridge; (2) in running its car at a high and dangerous rate of speed over said bridge; (3) in running its car without a conductor; and (4) in using a box for the collection of the fares of its passengers; and that said several acts of negligence directly caused plaintiff's injuries.

The defendant answered by general and special exceptions, a general denial, and a special plea of contributory negligence. Portions of the pleadings of either party will be more fully stated when we come to consider the several assignments of error relating to them. The case was tried before a jury, and resulted in a verdict and judgment in favor of appellee for $4500.

*Conclusions of Fact.*—1.   On the 25th of August, 1900, plaintiff was knocked off the running board of one of defendant's electric cars, while a passenger thereon, when it was running across Mill bridge in the city of San Antonio, by coming in contact with an upright girder or support of the bridge, and thereby seriously and permanently injured.

2.   An ordinance of the city of San Antonio, which was specifically plead by plaintiff, limits the speed of electric street cars while crossing bridges in said city to three miles an hour.   When plaintiff was knocked off the running board, as before stated, the car was running at a higher speed than prescribed by said ordinance.

3.   The defendant's street railway track was laid so near the upright supports or girders of the bridge as to render it dangerous to passengers on the running board of defendant's cars crossing said bridge.

4.   In running said car at a greater rate of speed than is allowed by said ordinance, and in maintaining its track in such dangerous proximity to the girders of said bridge, the defendant was guilty of negligence.

5.   Said acts of negligence were, taken either separately or together, the sole and proximate cause of plaintiff's injuries.

6.   The plaintiff did not know of the dangerous proximity of defendant's track to the upright supports of said bridge; nor was he aware of the fact, nor did he have reason to know, that his position on the running board was one of danger; nor was he, in being thereon, nor in any way, guilty of negligence contributing to his injuries.

Some of the evidence upon which these conclusions rest will be stated when we come to consider appellant's assignments of error, upon which appellant bases its contention that the facts are such as show the appellee was guilty of contributory negligence as a matter of law.

*Conclusions of Law.*—1. Under appellant's first, second and third as-. signments of error, it is contended that the allegations in plaintiff's petition, as well as the undisputed evidence, show he was guilty of contributory negligence as a matter of law; and that therefore the court erred both in overruling appellant's exceptions to his petition and its motion for a new trial.

In his petition the plaintiff alleged that he entered the street car near the intersection of Market and Navarro streets, at the north end of Mill bridge; that it was an open car, and had a running board on each side for the convenience of passengers and employes of defendant in entering and leaving the car; that on entering he immediately went forward and deposited his fare in a box in front; that then, as all the seats were occupied except one near the rear, he stepped out on the running board on the west side of the car and walked back thereon to the vacant seat; that while the car was crossing the bridge, there not being sufficient room between the bridge and the car for him to stand on the running board, he was struck by the bridge, knocked off the car and thrown to the ground, whereby he was bruised, injured, etc. That the usual and customary way of passing from one part of the car, and all similar cars, was along the running board provided for said purpose, which fact was known to defendant; that neither defendant, its officers, nor agents warned him of the danger in passing along said board where the injury occurred, nor did plaintiff know of any danger in so doing.

The evidence shows that it was an open car with an aisle running lengthwise through its center, and a fare box in front on the right hand side next to the motorman; that it had a running board on either side which, on the west side, was somewhere near eighteen to twenty inches from the uprights of the bridge; that the running boards were used in getting off and on the car, for passing along to reach seats, and, according to appellee's testimony, for passengers to ride upon when a car is crowded.

Appellee got on the east side of the car at Market street, put his fare in the box in the front and on the west side of the car. The car was crowded, there being only two vacant seats, which were on the west side and in the rear. After depositing his fare he stepped down on the running board and was moving along with his face towards the car and his back towards the upright structures of the bridge. In this manner he reached the first vacant seat and while in the act of stepping in to take it, he, being in a somewhat stooping attitude, was struck by an upright girder of the bridge, knocked off the car and injured. When the accident occurred he had passed his sixtieth birthday, and weighed about 220 pounds. No one was standing in the aisle, and there was nothing to obstruct his passage down it, except the dresses of lady passengers sitting next it, when he stepped down on the running board on the west side of the car. He had passed over the bridge on appellant's cars almost daily for six months next previous to the date of the accident. But he testified that he was not aware of the danger in standing on the run-

ning board, and that he thought it safe to be on it in the position he was when struck by the girder.

In view of the evidence recited, this court experienced no little difficulty in reaching the conclusion of fact that appellee was not guilty of contributory negligence as a matter of law. But to authorize the court to take the question of negligence from the jury, the evidence must be of such character that there is no reason for ordinary minds to differ as to the conclusion to be drawn from it. Choate v. Railway, 90 Texas, 82, 37 S. W. Rep., 319; Gaunce v. Railway, 20 Texas Civ. App., 36; Lee v. Railway, 89 Texas, 583, 36 S. W. Rep., 63; Railway v. Gasscamp, 69 Texas, 545; Railway v. Medlenka, 43 S. W. Rep., 1028. Nothing is more firmly settled than the proposition that railway companies are bound to exercise extraordinary diligence in protecting their passengers from injury. The track is just as essential a thing in the transportation of passengers by rail as is the car in which they ride. A railway car can not be successfully or safely run except upon a track, and a railway company can not lawfully, either as to car or track, be wanting in extraordinary diligence towards passengers without becoming responsible in law for the consequences. Railway v. Barnes, 113 Ga., 312, 38 S. E. Rep., 756. This duty of so constructing and maintaining its track as not to expose its passengers on its cars to danger, the appellee had the right to presume had been performed by appellant in laying its track along said bridge, and, unless he knew that it had failed in such duty, he had the right to act upon such presumption. Elliott v. Railway, 18 R. I., 707; Railway v. Lee, 50 N. J. Law, 435, 14 Atl. Rep., 883.

It is not negligence per se for a passenger to stand upon the platform, steps or running board of an electric street car which is crowded; and the weight of authority also supports the rule that it is not contributory negligence, as a matter of law, for a passenger to stand upon the platform of a car or running board, whether there be vacant seats or not in the inside of the car. And whether the passenger be standing upon the platform, running board, or steps, the question of negligence and contributory negligence is held to be, in the majority of cases, questions for the jury to determine. Joyce, Electric Law, sec. 543; Geitz v. Railway, 72 Wis., 307, 39 N. W. Rep., 866; Powers v. Boston, 154 Mass., 61, 27 N. E. Rep., 995; Railway v. Lee, 50 N. J. Law, 435, 14 Atl. Rep., 883; Elliott v. Railway, 18 R. I., 707, 28 Atl. Rep., 338; Dahlberg v. Railway, 32 Minn., 404, 21 N. W. Rep., 545; Railway v. Williams, 140 Ill., 275, 29 N. E. Rep., 672; Lehr v. Railway, 118 N. Y., 556, 23 N. E. Rep., 889; Railway v. Higgs, 38 Kan., 375, 16 Pac. Rep., 669; Cummings v. Railway, 44 N. E. Rep., 126; Martin v. Railway, 51 S. C., 150, 28 S. E. Rep., 303; Doolittle v. Railway, 40 S. E. Rep., 133.

As is said in Elliott v. Railway, supra, "It is a matter of common knowledge that street railway companies daily undertake to carry passengers so long as there is standing room on platforms and footboards, and collect fares from those on platforms or footboards as well as those within the cars. Ought not the defendant, in view of the rule prescrib-

ing the duty of carriers to passengers, to have foreseen the possible danger to which passengers on the footboards of its cars might be exposed by a slight turn of the body sidewise or a slight inclination of it backwards, in consequence of the proximity of its track to its trolley pole at the point where the plaintiff was injured? We think so."

It not being negligence per se for a passenger to be on the footboard of an electric street car, and it being shown by the evidence, as well as virtually admitted in its plea of contributory negligence, that appellant was guilty of negligence in constructing and maintaining its track in such close proximity to the bridge as to imperil the safety of its passengers, the question is: Do the facts and circumstances attending the accident show, as a matter of law, that appellee was guilty of contributory negligence? In determining this question it must be kept in mind that the burden of proving contributory negligence is on the defendant, who, as a common carrier of passengers, is required to do all that human care, vigilance and foresight reasonably can, in view of its character and mode of conveyance, to prevent accidents to its passengers; that this high degree of care in protecting its passengers applies as well to the construction and maintenance of its track as to the operation of its cars thereon; and that appellee had the right to assume that appellant had performed its duty in so constructing its road that its passengers, even on the footboards of its cars, would not be exposed to injury by the unsafe construction of its road.

Now appellee was an old man; he was received as a passenger on a crowded car near the bridge; the car was placed in motion before he could find and secure a seat; he was on the west side when he paid his fare, and the only vacant seat he saw was on that side, in the rear. Not wanting to disturb the lady passengers, whose dress skirts fell across the aisle, he stepped down on the running board, went along it until he reached the seat, and in his endeavor to reach it he was struck by an upright girder, the car having in the meantime attained a speed of from five to six miles an hour; he had for six months previous daily crossed the bridge on appellant's car, and did not not know, nor had he observed, the dangerous proximity of the track to the bridge.

Under these facts can it be said that there is no reason for ordinary minds to differ as to the conclusion to be drawn from them? With a charge (not on this issue complained of) clearly enunciating the well established principles of law applicable to them, a jury of twelve men found that appellee was not guilty of negligence contributing to his injury. The statute, passed in pursuance of a constitutional provision which makes the right of trial by jury inviolate, prescribes that "the jury in *all cases* shall be the *exclusive judges* of the facts proved and the weight to be given to their testimony." It is not for us to say, though our conclusion might be different, that their conclusion is wrong, and that the evidence leaves no room for ordinary minds to draw any other than a conclusion diametrically opposed to that of the jury.

The degree of care that a common carrier by rail owes to its passengers in protecting them from defective construction of its railroad is higher than it owes to its servants; to the former it owes the utmost care, to the other ordinary care. Neither are required by law to inspect or ascertain whether this duty has been performed. Each may rest upon the assumption that it has been done. Therefore, cases where servants have been injured by defective construction of railroads bear some analogy to this one, and may be cited to show that appellee was not charged with knowledge of the defective construction and maintenance of the track across the bridge. In the case of Railway v. Darby, 28 Texas Civil Appeals, 413, 67 Southwestern Reporter, 447, a switchman, on top of a caboose of a moving train, walking with his back to the direction in which the cars were moving, was struck by the projecting roof of an oil house between which and the cupola of the caboose he was caught and injured. In an action by him for damages occasioned by the injury the court said: "He owed no duty to inspect. * * * The question of contributory negligence was for the jury, and they could properly find, although the appellee knew the house was close at hand when he got upon the caboose, he did not know, and would not by the exercise of ordinary care have known, of the dangerous proximity of the roof. The evidence is practically undisputed that the roof projected too far over the track, so as to come dangerously near the top of a passing car, not only as is shown by the measurements, but by the nature of the accident itself; and the fact that during all the years the roof had remained in the position it was, no switchman had ever been hurt by it before, was without force and did not excuse the appellant." The opinion in the case of Railway v. Moore, 28 Texas Civil Appeals, 603, 68 Southwestern Reporter, 559, though the defect in the track was of a different character, is to the same effect.

The appellee not being under any duty to inspect the track, and the evidence being insufficient to charge him, as a matter of law, with knowledge of the defect, it was the province of the jury to find that he testified truly when he said that he was not aware of the danger in standing on the running board, and thought it safe to be there. We therefore conclude that neither appellant's first, second, nor third assignment of error is well taken.

2. If, as is insisted by appellant's third assignment of error, it was error to overrule the exception interposed to that part of appellee's petition which pleads an ordinance of the city of San Antonio requiring street railways to provide a conductor and motorman for each car operated by it, such error is harmless, since the ordinance mentioned was not offered in evidence, nor any issue that could be evolved from the allegation excepted to submitted to the jury. Railway v. Rather, 3 Texas Civ. App., 76, 21 S. W. Rep., 947.

3. The fourth assignment complains of the court's failure to strike out plaintiff's second amended supplemental petition; and the fifth, of

its allowing plaintiff to read it to the jury. The motion to strike out must be regarded in the nature of exceptions to the pleading against which it was directed. In fact it contains exceptions which are aimed at the pleading as a whole, and must be regarded as a general exception, since the rule governing the district court prescribes that "a special exception shall not only point out the particular pleading excepted to, but shall point out intelligibly the obscurity, inconsistency, duplicity, generality, or other insufficiency in the pleading objected to. The general expression, that it is vague, uncertain, and the like, alone should be regarded no more than a general exception." Rule 18; Railway v. Granger, 85 Texas, 577, 22 S. W. Rep., 959. The exceptions being to the pleading as a whole, if any part of its presented a valid replication to any part of defendant's answer, either in whole or in part, it was properly overruled. Oliphant v. Markham, 79 Texas, 547, 15 S. W. Rep., 569. While the supplemental petition complained of may not be regarded as a model for good pleading, we do not think it subject to general exceptions. The motion to strike out having been properly overruled, appellee could not be denied the right to read his supplemental petition, as a pleading, not as evidence, to the jury, together with his other pleadings.

4. Appellant's sixth assignment of error is as follows: "The court erred in admitting in evidence, over defendant's objection, the testimony of plaintiff's witness, Thomas Mansfield, as shown by defendant's bill of exceptions number 2: 'Q. On what part of the running board when you first saw him?' To which question defendant's counsel objected as leading, and said objection was overruled, and the question restated and answered as follows: 'Q. I asked him where Mr. Bryant was when he first saw him, and he said "on the running board of the car." Now, I ask him what part of the running board; on what part of the running board? A. The car was going south. I suppose he was along about three or four seats from the south end of it, coming toward the north end, I suppose.' Because the question was leading."

If, as indicated by the bill of exceptions embodied in the assignment, the witness had, prior to being asked the question complained of, stated in response to an unobjectionable question, "plaintiff was on the running board when he first saw him," the objection that the question complained of is leading can not be sustained. Besides, if it were error to allow the question asked and answered, appellant was not prejudiced by it; for it is undisputed that appellee was on the running board, and it is a matter of no moment on what part of it he was when first seen by the witness.

5. Our statement of the pleadings and the evidence in this case, we think, demonstrate that the ordinance of the city of San Antonio which provides, "Hereafter no electric car shall be propelled or operated within the city limits of the city of San Antonio at a greater rate of speed than three miles per hour over bridges," was, as relevant to the issues made by the pleadings and evidence, properly admitted in evidence.

6.   The paragraphs of the charge complained of by the eighth and ninth assignments are not obnoxious to the objection that they submit a question of negligence which the evidence shows in no way caused or contributed to appellee's injuries.

7.   The verdict is not excessive.

There is no error requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.