**BOLDT v. SAN ANTONIO TRACTION CO.**

(Court of Civil Appeals of Texas. San Antonio. May 8, 1912. Rehearing Denied June 5, 1912.)

1. NEGLIGENCE (§ 136*)—JURY QUESTION.

As a rule, negligence is a question of fact and not of law, though in some cases the court may instruct that certain facts constitute negligence and take the case from the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

2. NEGLIGENCE (§ 136*)—JURY QUESTION.

An act is not negligence per se, unless contrary to a statutory duty, or so utterly opposed to ordinary prudence that reasonable minds would not differ as to its negligent character.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

3. CARRIERS (§ 347*)—PASSENGERS—INJURIES—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

Evidence, in a street car passenger's action for injury to his arm, while it was resting on the sill of the car window, by another car striking it while going around a curve, *held* to make it a jury question whether plaintiff was guilty of contributory negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346–1397, 1402; Dec. Dig. § 347.*]

4. CARRIERS (§ 320*) — PASSENGERS — JURY QUESTION—NEGLIGENCE.

Evidence, in a street car passenger's action for injuries to his arm, which was broken by being struck by another car which his car passed on a curve, *held* to make it a jury question whether the passing of the two cars on a curve was negligence proximately causing the injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1337, 1343; Dec. Dig. § 320.*]

5. CARRIERS (§ 317*)—PASSENGERS—INJURIES—ADMISSION OF EVIDENCE—RULES OF COMPANIES.

In a street car passenger's action for injuries to his arm, when it was partly out of the window, by being struck by another car going around a curve, the company's rule prohibiting cars from passing on curves was admissible as tending to show negligence, irrespective of whether plaintiff knew of the rule.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1295–1306; Dec. Dig. § 317.*]

Appeal from District Court, Bexar County; Claude V. Birkhead, Judge.

Action by Gus A. Boldt against the San Antonio Traction Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

T. J. Newton and Will A. Morriss, both of San Antonio, for appellant. Templeton, Brooks, Napier & Ogden, of San Antonio, for appellee.

FLY, J. Appellant sued appellee to recover damages alleged to have occurred through the negligence of appellee in breaking his arm, while he was a passenger on one of its street cars in the city of San Antonio. Appellee pleaded contributory negligence on the part of appellant in placing a portion of his arm outside the window of the car. The court instructed a verdict in favor of appellee, and from the judgment predicated on that verdict this appeal has been perfected.

The evidence showed that appellant was a passenger on a car on Houston street going in the direction of Alamo Plaza; that another passenger occupied the seat, which could just accommodate two persons; that he sat next to a window, which had five rods or bars of iron across it, the highest being at such a point that a person could place his arm upon it; that appellant placed his arm upon the top rod, so that his elbow protruded from 2 to 4 inches beyond the rod on the outside of the car. There are double tracks on the Houston Street Line at such a distance apart that there is a space of from 11 to 12 inches between when they are moving in a straight line; but if two cars attempt to pass each other at curves there is much less space, and, under certain

---

circumstances, the cars will actually touch each other. Such was the condition of affairs when the car on which appellant was riding started around the curve from Houston street to Alamo Plaza, and another started around the curves from the Plaza to Houston street, and the cars touched each other and broke appellant's left arm, which was resting on the bar or rod, protruding from 2 to 4 inches beyond the rod. Except on a curve, the cars could have passed with perfect safety to a person resting his arm, as appellant did, upon the bar. Appellant testified that the top bar was convenient as a resting place for his arm; and, while it appeared that there was an arm rest inside the car, it was shown that it was low, and that, perhaps, 60 per cent. of passengers on the street cars used the upper bar as an arm rest. There was no danger from passing cars to arms on the top bars, except at curves; and appellee, recognizing the danger of cars passing at curves, had a rule as follows: "Never attempt to pass a car on the curve; the car nearest the curve will have the right of way." The bars or rods were placed on the windows to protect passengers; but they are only across the lower part, perhaps one-third or one-fourth, of the window. There are no screens on the windows.

[1] As a general rule, negligence is a question of fact and not of law; and, while there are cases in which the judge may instruct a jury that certain proof constitutes negligence and take the case from the jury, the evidence must, in order to justify such a summary proceeding, remove every uncertainty and eliminate every question of fact upon which a jury can pass. From the earliest days of Texas history, the court of last resort has jealously protected litigants from the varying opinions of trial judges as to a proper standard of ordinary prudence which would show a certain act to be, or not to be, negligence. For instance, it has been held by some judges that an attempt to get on or off a moving train is prima facie evidence of contributory negligence; while others hold that it is a question of fact for a jury. Chief Justice Roberts, in the oft-cited case of Railway v. Murphy, 46 Tex. 356, 26 Am. Rep. 272, asks this question: "Must we now, in the inception of our adjudications upon this subject, start out in the search through the thousands of reported cases to find the opinions of judges, as to the common and ordinary standard of prudence, in reference to every act, and every combination of acts, relating to negligence, or shall we follow the plain command of our own statute by submitting to the decision of the jury, as the sole judges thereof, the fact of negligence, as well as all other facts in every case?" There can, under our laws and system, be but one answer to the question, and that was given by the Supreme Court in that case, and in all others with "no variableness, neither shadow of turning." Those an-

swers were in direct response to statutory provisions making juries exclusive judges of the credibility of witnesses and the weight to be given to their testimony, and which command trial judges to "submit all controverted questions of fact solely to the decision of the jury." Article 1317.

[2] It is the rule that no act can be declared to be negligent per se, unless done contrary to a duty enjoined by statute, or appears so utterly opposed to the demands of common, ordinary prudence that no doubt exists as to its negligent character, and about which no reasonable minds would differ; and it is in that very limited number of cases that a trial judge would be authorized to instruct a verdict. As stated in Lee v. Railway, 89 Tex. 583, 36 S. W. 63: "Negligence, whether of the plaintiff or defendant, is generally a question of fact, and becomes a question of law to be decided by the court only when the act done is in violation of some law, or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question; in other words, to authorize the court to take the question from the jury, the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." The rule was reiterated in Choate v. Railway, 90 Tex. 82, 36 S. W. 247, 37 S. W. 319.

[3, 4] The evidence in this record made out a plain case for submission to the jury. Appellant's act in placing his arm on a bar across the window, which was so inviting and convenient for an arm rest that not only he, but 60 per cent. of the passengers who ride on the street railways, used it for that purpose, and which only became dangerous by reason of the passing of the cars upon a curve, an act which appellee, by the promulgation of its rule forbidding it, recognized to be dangerous, was not an act prohibited by statute, nor by the inexorable rule of common sense and prudence, and the court had no authority to declare it negligence. Neither had the court the authority to declare that the passing of two cars upon a curve, so abrupt that they came in contact with each other, was not negligence which was the proximate cause of the injury to appellant. Railway v. Williams, 103 Tex. 228, 125 S. W. 881; San Antonio Traction Co. v. Bryant, 30 Tex. Civ. App. 437, 70 S. W. 1015.

[5] The rule adopted by appellee, prohibiting cars from passing each other on curves, was properly admitted in evidence as tending to show negligence upon the part of appellee. The admissibility and effect of such testimony is established by a long array of authority. Stevens v. Railway, 184 Mass. 476, 69 N. E. 338; Partelow v. Railway, 196 Mass. 24, 81 N. E. 894. The rule is correctly stated in the Stevens Case, where it is said: "So a rule made by a corporation for the guidance of its servants in matters affecting

the safety of others is made, in the performance of a duty, by a party that is called upon to consider methods and determine how its business shall be conducted. Such a rule, made known to its servants, creates a duty of obedience as between the master and the servant, and disobedience of it by the servant is negligence as between the two. If such disobedience injuriously affects a third person, it is not to be assumed in favor of the master that the negligence was immaterial to the injured person, and that his rights were not affected by it. Rather ought it to be held an implication that there was a breach of duty towards him, as well as towards the master, who prescribed the conduct that he thought necessary or desirable for protection in such cases. Against the proprietor of a business, the methods which he adopts for the protection of others are some evidence of what he thinks necessary or proper to insure their safety." The Massachusetts court states, in the Stevens decision, that the only decision to the contrary as to the foregoing rule is the case of Fonda v. Railway, 71 Minn. 438, 74 N. W. 166, 70 Am. St. Rep. 341, which is cited by appellee, but which we do not accept as authoritative. As sustaining the Massachusetts cases, see Warner v. Railway, 168 U. S. 339, 18 Sup. Ct. 68, 42 L. Ed. 491; Street Railway v. Altemeier, 60 Ohio St. 10, 53 N. E. 300; Railway v. Ward, 135 Ill. 511, 26 N. E. 520; Railway v. Bates, 103 Ga. 333, 30 S. E. 41. Appellant's knowledge, or lack of knowledge, of the existence of the rule would not affect the admissibility of the evidence or its probative force.

If, as contended, appellee placed the bars on the windows to prevent people from putting any part of their persons out of the car, they seem to have been an utter failure, because they covered less than half of the windows, and, rather than being a warning not to extend the arms out of the car, seemed to hold out an invitation to a majority of the passengers to use the bars in such a manner as to have their elbows protruding from the cars. The existence of the bars was not sufficient to raise such a presumption of negligence against a passenger who placed his arm on the top one as would deprive him of the right to be heard by a jury.

The judgment is reversed, and the cause remanded.