ANASTASIA M. LAPOINTE *vs.* MIDDLESEX RAILROAD
COMPANY.

Suffolk.    Jan. 13. — Feb. 24, 1887.    HOLMES & GARDNER, JJ., absent.

A person who enters an open street car, the seats of which are all occupied by
passengers, and, without objection by the conductor of the car, who collects a
fare of him, stands in the space between the passengers occupying one seat and
the back of the next seat, holding on to the latter with his hands, is not pre-
cluded, by reason of having taken such a position. from maintaining an action
against the corporation owning the car for injuries occasioned by being thrown
from the car while it is being driven around a curve in the street.

TORT for personal injuries received by the plaintiff while a
passenger on the defendant's car, in Everett.    Trial in the Supe-
rior Court, before *Thompson*, J., who allowed a bill of exceptions,
in substance as follows :

The plaintiff introduced evidence tending to show that she
took the car at the station of the Eastern Railroad Company in
Everett, for the purpose of going to Malden, her home; that
when the street car arrived at the railroad station, there were a
number of persons who had come upon the train and intended
to take the street car to Malden; that it was an open car, and,
when it arrived at the station, every seat was taken.

The plaintiff testified that she knew, when she got upon the
car, that every seat was taken; that she stood up between two
seats which extended across the car, and between the passengers
seated on one seat and the back of another seat; that she stood
in front of two persons, about half-way between them, within
about a foot or eighteen inches of the edge of the car, and
about midway between the ends of the car; that she took that
position because she did not wish to wait for another car; that
after the car had proceeded a certain distance, to Everett Square,
it became necessary, in order to go to Malden, for the car to go
around a curve; that the car was very much crowded, contain-
ing about sixty-seven passengers, some of whom were standing
between the seats, in positions similar to that occupied by her,
and on other parts of the car, and she remained in this position
while the car was going around the curve; that, when the car

got about half around the curve, it went so rapidly and with such force that she was thrown out upon the ground and received the injuries complained of; that she had been holding on with her hands to the back of the seat in front of her until the jerk produced by the car going around the curve at so rapid a rate of speed wrenched her hands from the seat which she had been holding on to up to that time; and that the conductor of the car received fare of her while she was so standing, and before her injury.

The defendant offered evidence tending to show that, when the crowd came from the railroad station to get upon the car, the conductor, in a loud tone of voice, which the plaintiff and others must have heard, proclaimed that there was no room in the car except for people to stand up, and that there were no seats. The plaintiff and others testified that they did not hear the conductor so state. The defendant's evidence also tended to show that, when they arrived at the curve, the car only went around with the necessary rapidity for a car and horses to go around a curve; that, in order to go around a curve of a street railroad, it was necessary for the horses to get a certain start; and that, upon open cars, there was no provision made and no facilities for people to stand up, unless it might be upon the running board, or upon the front and rear platforms. This was an ordinary open street car.

Neither the defendant nor its agents or servants made any objection to the position of the plaintiff before her injury.

The only opportunity for standing up was between the knees of the passengers sitting, and the back of the seat in front. The evidence was conflicting as to the rate of speed at which the horses went around the curve when the plaintiff was injured, and as to how other passengers were affected thereby. There was also evidence tending to show that the plaintiff, when she stood in the position which she described, did not take hold of a post which extended from the bottom to the top of the car, at the outside edge of the car, within eighteen inches of her, which was held on to by other passengers who were standing on the footboard, but she simply stood with her hands upon the back of the seat in front of her. There were several witnesses on the part of the plaintiff who corroborated her testimony that the car

went very rapidly around the curve; and several witnesses on the part of the defence who testified that the car went slowly, and that there was no unusual force or shock, and no more than was customary and necessary for the car to go around the curve.

The defendant asked the judge to rule that the plaintiff, having assumed the position which she did, was wanting in due care under the circumstances, and there was nothing to go to the jury. The judge declined so to rule, and submitted the case to the jury.

The defendant then asked the judge to give the following instructions, among others: " 2. If the jury believe the plaintiff took an unsafe position in standing up between the seats in an open car, she cannot recover. . . . . 6. The defendant is only bound to carry passengers in the usual manner, and while occupying places provided for them; and, if the plaintiff took a place or position on the car where there was no provision for passengers, the defendant is not liable, if such position contributed to the accident."

The judge declined to give the instructions requested; and instructed the jury, that the plaintiff, in order to recover, must prove that, under all the circumstances of the case, she was in the use of due care.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*L. M. Child*, for the defendant.

*J. E. Cotter*, for the plaintiff.

DEVENS, J. The general instruction, that the plaintiff, in order to recover, must prove that, under all the circumstances of the case, she was in the exercise of due care, was given by the presiding judge; but the contention of the defendant is, that it was entitled to certain special instructions requested. The second and sixth requests are all that the defendant has insisted on, and all that need be considered.

The second instruction requested, that, "if the jury believe the plaintiff took an unsafe position in standing up between the seats in an open car, she cannot recover," if given, would have led to the inference that, even if the plaintiff took this position with the full consent of the defendant, or at its implied invitation, and such position was not safe as compared with that upon

the seats of the car, she could not recover. It is said by Chapman, J., in speaking of horse-railroad cars, in *Meesel* v. *Lynn & Boston Railroad*, 8 Allen, 231: "The seats inside the car are not the only places where the managers of the ·train expect passengers to remain; but it is notorious that they stop habitually to receive passengers to stand inside till the car ·is full, and then to stand · upon the platforms till they are full, and continue to stop and receive them even after there is no place for them to stand except on the steps of the platform." These remarks apply to the open cars used by the horse railroads, as well as to the closed cars. That such positions are less safe than those in the seats, from the danger from jolting, stopping, or the motion of the car, especially around curves, is certainly true, but they are not therefore necessarily so hazardous that one occupying such a position should be thereby prevented from recovering, if injured by want of due care in the management of the car. The passenger has a right to believe that it will be conducted and operated in view of the fact that some of the passengers are or may be standing and steadying themselves by the seats, rails, or straps that may be provided for that purpose.

The defendant relies on the case of *Wills* v. *Lynn & Boston Railroad*, 129 Mass. 351, but the difference between that case and the one at bar is radical. In that case, the plaintiff occupied a sitting position upon the front platform of a street-railway car while in motion, against the rules of the defendant corporation and the warning of the driver of the car, and without any reasonable excuse therefor. Such conduct could not but be condemned as careless by men of common prudence. In the case at bar, the defendant's evidence tended "to show that, when the crowd came from the railroad station to get upon the car, the conductor, in a loud tone of voice, which the plaintiff and others must have heard, proclaimed that there was no room in the car except for people to stand up, and that there were no seats." So far, by fair implication, as the defendant contends, from giving the plaintiff "notice not to take the position which she did," the true construction of this evidence is, that, while passengers were warned that there were no seats, they were invited, if they would submit to this inconvenience, to occupy the standing room. Especially is this so, as it appears

that the car remained to receive such passengers, and that no objection was made, before her injury, to the position taken by the plaintiff. If the defendant consented to receive the plaintiff as a passenger while occupying a standing position, even if it was comparatively unsafe, but yet one which a passenger could, in the exercise of due care, properly occupy, the plaintiff would not be barred from recovering.

These remarks dispose of the sixth request. To have instructed the jury that, if the plaintiff " took a place or position on the car where there was no provision for passengers," the defendant would not be liable, if such position contributed to the accident, would have been to omit the important consideration whether the position was occupied by the implied invitation and full consent of the defendant. If so, the plaintiff was not necessarily prevented from recovering, and would have a right to expect that proper care would be used in driving the car.

*Exceptions overruled.*