THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

JOHN MARKS.

*Opinion filed October 25, 1899.*

1. PLEADING—*when declaration states a cause of action for negligence.* A declaration states a cause of action which alleges that plaintiff was a passenger on defendant's street car, and that, while using ordinary care for his safety, the defendant negligently and without warning ran its car so near a fixed structure that there was not room for passengers on the foot-board to ride in safety, and that plaintiff, not knowing of such structure, was struck and injured.

2. TRIAL—*when instruction to jury after retirement is not erroneous.* In an action against a street railway company by a passenger injured by striking against a viaduct, an instruction by the court, in response to a communication from the jury, after retirement, expressing their opinion that the city and not the company was at fault, that the jury should not consider the city's liability, is not erroneous, where that question was not involved under the issues.

*West Chicago Street Railroad Co.* v. *Marks,* 82 Ill.App. 185, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is an action by appellee, against appellant, to recover for personal injuries received by him while a passenger on one of defendant's cable cars. The declaration contains two counts, in the first of which it is alleged that defendant suffered plaintiff to ride on its cars in a dangerous place, to-wit, on the left-side step of a summer car, standing room on such car step being the best accommodation afforded when plaintiff was received and conveyed as a passenger, and while plaintiff was in this position the defendant demanded and received fare, and the car, on moving along the track, passed so near a permanent obstruction near which the track was laid, that the plaintiff was struck and injured whilst using due care and caution, and without knowledge of any such

obstruction, and without any signal or warning from defendant of such obstruction. The second count alleges that the defendant received the plaintiff as a passenger, and supplied and furnished him with an unsafe and dangerous position on its car, by reason of which the plaintiff came in contact with a permanent obstruction placed so near the track that plaintiff was injured.

The evidence showed that on July 26, 1896, the defendant had on its track open cars, along each side of which were running-boards, which, though designed as a step to mount to said cars, were nevertheless often used by passengers to stand upon, sometimes when there was no room elsewhere in the train, and sometimes from choice. The evidence shows that at the time plaintiff sought to take a place on the car the seats were all occupied, as well as the aisles and places between the seats, as also the running-board on the right-hand side, and that the plaintiff, with others, took a position on the left-hand running-board. The conductor testified that he did not remember warning or notifying plaintiff of any peculiar danger, and states "it is a very common thing to ride on the foot-board; we don't say anything to them; we just let them ride there if they want to; we don't tell them anything about this viaduct they are approaching." The distance of the car from the stationary object is between twelve and nineteen inches. The testimony is to the effect that there was no danger in riding on the foot-board where one knew of the existence of the stationary object so near, as it could be avoided by standing close against the car.

After the jury retired to consider the evidence and to return their verdict they sent a communication to the court, as follows: "The city built the bridge and takes care of repairing it, and the city railway company pays license for its cars to go across, and that, in my estimation, the city is in fault and not the railway company." In response to that communication the court sent a writ-

ten instruction, as follows: "With reference to the communication hereto attached, which the court has received from the jury, the court instructs the jury that they must decide this case upon the law, and the evidence as they have heard it from the witnesses who have testified in this case, and they should not go outside of the evidence in deciding the issues submitted to them. Whether the city is liable or not is not a question before the jury, and they have nothing to do with it and should not consider it."

A verdict and judgment for $1500 were entered by the trial court, which, on appeal to the Appellate Court for the First District, were affirmed. This appeal is prosecuted, and the errors relied on are entering judgment on a defective declaration and the giving of the instruction in response to the communication from the jury.

VANVECHTEN VEEDER, for appellant.

A. P. PICHEREAU, and BURTON & REICHMANN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It sufficiently appears from the allegations of the declaration that the plaintiff became a passenger on the defendant's cars and the latter did not use proper care to see that the former should be carried safely; that it negligently ran its cars so near to a fixed structure that there was not room enough, unless standing very close to the car, when riding on the foot-board, to be carried in safety, and that the plaintiff did not know of the existence of the fixed structure and was not warned of it by the defendant, and whilst using due care and caution for his own safety was unavoidably struck and injured. We are of opinion that the declaration stated a cause of action.

The answer of the judge by giving an instruction to the jury in response to their communication was not error.

The jury had nothing to do with the relationship existing between the city of Chicago and the appellant with reference to the use of the viaduct, nor as to whether the tracks were situated, with reference to the obstruction, in the position they were by the direction of the municipality. That question was not involved in the case submitted to them under the issue, and it was not error for the court to so instruct them.

We find no error in the record, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*