Argued 4 February; decided 9 March, 1903.

## ANDERSON *v.* CITY RAILWAY COMPANY.

[71 Pac. 659.]

LIABILITY OF STREET RAILWAYS FOR PERMANENT OBSTRUCTIONS.

1. It is negligence for a street railway company to permit permanent obstructions to remain so close to its tracks that passengers are in danger of coming in contact therewith, and usually the jury are to determine whether a given obstruction is so situated.

INJURY TO PASSENGER ON FOOTBOARD—CONTRIBUTORY NEGLIGENCE.

2. A passenger is not guilty of contributory negligence in riding on the footboard of an open street-car, where all the seats are occupied.

INJURY FROM OBJECT NEAR TRACK—QUESTION FOR JURY.

3. A street railway company constructed its tracks so near the superstructure of a bridge as to leave only eighteen inches between the framework thereof and the outer edge of the footboard of its open cars. A passenger riding on the footboard—the seats inside the car all being occupied—was injured by coming in contact with a strut of the bridge. There was evidence that the car was going at a high speed, and that no warning was given of the proximity of the bridge. *Held,* that the company's negligence was a question for the jury.

LONG-CONTINUED USE, AS AFFECTING NEGLIGENCE.

4. The fact that a certain condition of affairs had existed for many years before a certain accident is not conclusive evidence of a want of negligence in either the construction or operation of the applianes that caused the accident.

ACCIDENT ON FOOTBOARD OF STREET-CAR—CONTRIBUTORY NEGLIGENCE.

5. One injured while riding on the footboard of an open car by coming in contact with the strut of a bridge over which the car was passing was not guilty of contributory negligence, though he leaned back in returning his money to his pocket or in looking to see what a friend, also on the footboard, was doing.

PASSENGER ON FOOTBOARD OF STREET-CAR—NEGLIGENCE OF COMPANY.

6. It is not negligence *per se* for a street railway company to permit passengers to ride on the footboard of an open car, where all the seats are occupied.

INSTRUCTION AS TO LIABILITY OF COMPANY FOR INJURY TO PASSENGER.

7. Refusal to charge that it was not negligence for a street railway company to permit a passenger to ride on the footboard of a crowded car was error, though the court charged that, if the passenger voluntarily took his place there, and, by reasonable care, could have ridden safely, but did not use such care, the company was not liable, especially where the court also charged that, if the accident to the passenger was the direct result of the overcrowded condition of the car, the company would be liable, provided the passenger was not guilty of contributory negligence.

From Multnomah: JOHN B. CLELAND, Judge.

Action by George W. Anderson, administrator of Chester Anderson, deceased, against the City & Suburban Railway Company. The plaintiff's intestate, a boy about sixteen years

of age, was killed in October, 1901, by coming in contact with a strut of the Morrison-street bridge while riding as a passenger upon one of defendant's open trolley cars. In company with his two sisters and a young gentleman named Robinson, he boarded the car on the East Side, near Grand Avenue, about 8 o'clock in the evening, for the purpose of crossing to the West Side, and there transferring to an Albina car. The seats in the car were all occupied, and one of the passengers gave up his seat to the ladies of the party; and the deceased, his companion, Robinson, and other passengers, stood on the footboard. In crossing the bridge the deceased was struck on the head by one of the timbers thereof, thrown under the car, and killed. The bridge is twenty feet and ten inches wide in the clear. The defendant company has two car tracks thereon, six feet apart, leaving a space of twenty-six inches between the uprights supporting the roofs of the open or summer cars as they pass each other, and twenty-four inches between the uprights on the outer side and the strut of the bridge. The footboard of the car is six or eight inches wide, thus leaving a space of about eighteen inches from the outer edge of the board to the strut. There is no material conflict in the evidence as to the manner of the accident. The witnesses for the plaintiff testified that the deceased was holding the upright with his right hand, and returning his money to his pocket with the left, at the time he was struck. Dr. Josephi, who was standing on the footboard between Robinson and the deceased, and who testified for the defendant, said that the conductor had been around collecting fares, and just before reaching the bridge the deceased asked Robinson to get transfers for the party; that Robinson started to the end of the car for that purpose, when the deceased, who was riding with his back to the west, and therefore toward the bridge, leaned back so as to look behind the witness and see whether Robinson was getting the transfers, and while in this position his head came in contact with the strut of the bridge, throwing him from the car. The evidence as to the speed of the car is somewhat conflicting. Some of the witnesses for the plaintiff put it as high as eighteen miles an hour, while those

for the defendant estimated it at much less.   It is admitted, as
we understand the record, or at least there is evidence tending
to show, that no warning was given of the approach of the car
to the bridge, or of any danger therefrom.

The complaint alleges that the defendant was negligent
(1) in constructing its tracks in such close proximity to the
strut or brace timbers of the bridge as to make it dangerous for
passengers riding on the footboard of its cars; (2) in running
the car upon which deceased was riding at a dangerous and
unlawful rate of speed; (3) in failing to give warning of the
approach to the bridge, or the danger on account thereof; and
(4) in overloading and crowding the car upon which deceased
was riding.   These several charges of negligence are denied by
the answer.   At the close of the testimony, the defendant re-
quested the court to charge the jury as follows: "There is not
sufficient evidence in this case to sustain a judgment in favor
of the plaintiff, and your verdict must be for the defendant.
* * It is not negligence on the part of the railway company to
permit passengers to ride on the footboard of its cars, provided
a passenger voluntarily chooses that place when the seats are
full, rather than await the arrival of another car, and a passen-
ger taking such position is bound to exercise reasonable care to
avoid accident or injury to himself; but if he fails to exercise
reasonable care, and by reason thereof is injured, the railway
company is not liable for such injury."   Both of these instruc-
tions were refused, and the following, among others, given:
"If you find from the evidence that the defendant company
undertook to carry a number of persons greatly in excess of
the capacity of the car upon which the accident happened, so
that passengers, including the deceased, were compelled to
stand on the footboard, and the accident was the direct result
of such overcrowded condition of said car, the defendant
would be liable for the same, provided the deceased was not
guilty of negligence contributing to the cause of his injury."
"If you find from the evidence that the deceased, Chester An-
derson, voluntarily took his place on the footboard of the car,
and that by the exercise of reasonable care he could have rid-

den safely in that place to his destination, and if you further find that he did not use ordinary care, but unnecessarily and carelessly leaned out from the car, and, by reason of so leaning out, his head came into contact with the framing of the bridge, causing an injury of which he died, the defendant is not liable for any damages resulting therefrom, and your verdict must be for the defendant.'' The plaintiff had a verdict and judgment for $3,000, and the defendant appeals.          Reversed.

For appellant there was a brief over the name of *Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. John M. Gearin.*

For respondent there was a brief and an oral argument by *Mr. Henry E. McGinn* and *Mr. Victor K. Strode.*

Mr. Justice Bean, after stating the facts, delivered the opinion of the court.

1. It is urged that the request for an instruction directing a verdict for defendant should have been given, because the evidence shows no breach of any duty that the defendant owed to plaintiff. Negligence is generally a question for the jury. The cases in which the courts will assume to decide it, and withdraw the case from the jury or direct a verdict, are generally those in which reasonable minds cannot differ as to the conclusions to be drawn from the facts. Where the facts are in conflict, or where they are undisputed, but honest minds might reasonably differ as to the conclusions to be deduced therefrom, the case must go to the jury. Now, it is admitted that the defendant constructed its tracks so near the superstructure of the bridge as to leave a space of only eighteen inches between the framework thereof and the outer edge of the footboard of its open cars, upon which passengers were permitted to ride, and there is evidence tending to show that the car was moving at an unusual and unlawful rate of speed, and that no warning was given to the deceased of the approach to the bridge, or of any danger to be apprehended therefrom. The question, then, is whether, under such circumstances, the court can say, as a matter of law, that the defendant was not

negligent. The authorities all agree that it is negligence for a street railway company to permit permanent obstructions to stand so near its tracks that passengers getting off or on its cars, or riding thereon, are in danger of coming in contact therewith, and it is generally considered a question for the jury as to whether a given obstruction is so situated: *Walsh* v. *Oregon Ry. & Nav. Co.* 10 Or. 250; *Johnston* v. *Oregon S. L. Ry. Co.* 23 Or. 94 (31 Pac. 283); *Elliott* v. *Newport S. R. Co.* 18 R. I. 707 (28 Atl. 338, 31 Atl. 694, 23 L. R. A. 208); *Whalen* v. *Illinois R. & Coal Co.* 16 Ill. App. 320; *Chicago & Iowa R. Co.* v. *Russell*, 91 Ill. 298 (33 Am. Rep. 54); *West Chicago St. R. Co.* v. *Marks*, 82 Ill. App. 185 (affirmed in 182 Ill. 15, 55 N. E. 67); *Geitz* v. *Milwaukee City R. Co.* 72 Wis. 307 (39 N. W. 866); *City Ry. Co.* v. *Lee*, 50 N. J. Law, 435 (14 Atl. 883, 7 Am. St. Rep. 798); *Topeka City Ry. Co.* v. *Higgs*, 38 Kan. 375 (16 Pac. 667, 5 Am. St. Rep. 754); *Dahlberg* v. *Minneapolis St. Ry. Co.* 32 Minn. 404 (21 N. W. 545, 50 Am. Rep. 585, and note).

2. It cannot be said that the deceased was guilty of contributory negligence in riding on the footboard of the car: *Lapointe* v. *Middlesex R.* 144 Mass. 18 (10 N. E. 497); *Graham* v. *Manhattan R. Co.* 149 N. Y. 336 (43 N. E. 917); *Seymour* v. *Citizens' Ry. Co.* 114 Mo. 266 (21 S. W. 739). He was there by the invitation and consent of the company, and, while he was, perhaps, required to exercise extra care and caution on account of the increased danger attending his position, it was nevertheless the duty of the company to furnish him a reasonably safe place in which to ride, and not expose him to injury from permanent obstructions unreasonably near its tracks.

3. "Where a railroad company," says the Supreme Court of Illinois, "places its tracks so near an obstruction, which it is necessary for its cars to pass, that its passengers, in getting on and off the cars, and while upon them, are in danger of being injured by contact with such obstruction, it is a fair question for the jury whether the company is or is not guilty of negligence": *North Chicago St. R. Co.* v. *Williams,* 140 Ill. 275 (29 N. E. 672). This doctrine is obviously sound, and the ques-

tion of negligence for the jury, where a street railway company invites or expects passengers to ride on the footboard of its cars, and carries them, at a rapid rate of speed, in close proximity to dangerous obstructions, of which they have no knowledge, without warning them of the risk. A common carrier of passengers by street cars is required "to exercise the highest degree of skill and care which may reasonably be expected of intelligent and prudent persons engaged in that business, in view of the instrumentalities employed and the dangers naturally to be apprehended": Booth, St. Ry. Law, § 328. And it is the duty of such a carrier to foresee the possible danger to which passengers riding on the footboards of its cars might be exposed by a slight movement of the body in consequence of the proximity of its tracks to permanent structures, and it is not negligence on the part of a passenger to omit to look out for such structures unless he has reason to anticipate some such danger. He has a right to assume that the company has performed its duty to carry him safely, and that it will not expose him to unnecessary hazard, and to act accordingly: *Dickinson* v. *Port Huron Ry. Co.* 53 Mich. 43 (18 N. W. 553). So that, upon the whole, we are of the opinion that the question of negligence was for the jury, and not the court.

4. The fact that the defendant's road had been operated since 1890, and no accident had occurred from a like cause, is not conclusive evidence of the absence of negligence on its part, either in the construction of the road or the operation of the cars.

5. Nor was the deceased necessarily guilty of contributory negligence because he leaned back while in the act of returning his money to his pocket, or in looking after his friend. Conduct of that kind on the part of passengers was such as might reasonably be anticipated by the railway company. The cases of *Craighead* v. *Brooklyn City R. Co.* 123 N. Y. 391 (25 N. E. 387), and *Gilly* v. *New Orleans City R. Co.* 49 La. Ann. 588 (21 South. 850), principally relied upon by the defendant, are in many ways to be distinguished from the case in hand. In the former, the plaintiff was injured in the daytime by a pass-

ing car, while going along the footboard of the car upon which he was riding, at a place where cars were passing as often as once every half minute. In the latter, the plaintiff was familiar with the obstruction by which he was injured, had ridden on the cars for six or seven years, and was fully aware of the danger.

6. That the instruction requested and refused, to the effect that it was not negligence on the part of the defendant to permit passengers to ride on the footboard of its cars, contains a correct statement of the law, is unquestioned. It is not negligence *per se,* either on the part of a passenger or a street railway company, that a passenger, reasonably competent to take care of himself, should ride on the platform or footboard of a crowded car. It is, however, obviously more dangerous to occupy such a position than a seat in the car, and therefore the law imposes upon both the passenger and the railway company the duty of extra caution to prevent injury; and a railway company which accepts a person as a passenger, and permits him so to ride, is bound to carry him with a degree of skill, prudence, and care proportionate to the danger to be apprehended, but it is not negligent in permitting him to do so: Booth, St. Ry. Law, § 341; *Sandford* v. *Hestonville R. Co.* 136 Pa. 84 (20 Atl. 799); *Craighead* v. *Brooklyn City R. Co.* 123 N. Y. 391 (25 N. E. 387); *Gilly* v. *New Orleans City R. Co.* 49 La. Ann. 588 (21 South. 850).

7. It is insisted, however, that the instruction as requested was, in substance, given by the court, in the charge that, if the deceased voluntarily took his place on the footboard, and by the exercise of reasonable care could have ridden safely, but did not use such care, and on account thereof was injured, the defendant is not liable. A comparison of the instruction refused and the one given will show that they are not the same. They are practically so as to the negligence of the defendant, and the result thereof; but the important part of the requested instruction—that it was not negligence on the part of the company to permit passengers to ride on the footboard of its cars —was refused. The instruction as given was declaratory of

the obligation resting on the deceased to look out for himself, and was correct, whether the act of defendant in permitting him to ride on the footboard constituted negligence or not. If it was negligence, but the deceased was also guilty of negligence in projecting himself against the bridge, it would not be liable. If, on the other hand, it was not guilty of negligence in allowing him to ride upon the footboard, and the accident was the result of the negligence of the deceased, the plaintiff could not recover. But if the jury should find that the deceased was not guilty of negligence in leaning back from the car, then the vital question would be, was it negligence in the company to allow him to ride on the footboard? And upon this question the defendant was entitled to have the jury properly instructed as to the law. The error in failing to give the instruction requested was emphasized by the one given, to the effect that, if the accident was the direct result of the overcrowded condition of the car, defendant would be liable, if deceased was not guilty of contributory negligence. The natural inference from the instructions given would be that the defendant was in some way guilty of negligence in permitting its cars to be so overloaded that passengers were required to stand on the footboard, while, under the law, such an act on the part of the street railway company is not negligence *per se* as to a passenger who voluntarily boards a crowded car, and assumes to ride on its footboard: *Olivier* v. *Railroad Co.* 43 La. Ann. 804 (9 South. 431).

It follows that the judgment of the court below must be reversed, and a new trial ordered.        REVERSED.