Argued October 13, decided October 27, 1908.

CLARK v. BOOSEY.

[97 Pac. 754]

BOUNDARIES—ESTABLISHMENT—OFFICIAL SURVEYS.

1. Plaintiff having had a survey made of the boundary between his lands and defendant's, under Section 4907, B. & C. Comp., providing for the permanent establishment of boundary lines by the county surveyor on notice to all parties affected, defendant refused to recognize such survey, claiming the boundary was not uncertain, and thereafter they agreed that the lines should be established by two surveyors selected by them, but the surveyors disagreed upon the line. *Held*, that such disagreement showed that the line was uncertain, so that the survey by the county surveyor was binding upon the parties if the statute was valid, and defendant's contention that a former survey by the county surveyor locating a stake from which he claimed, rendered the survey certain was untenable; the dispute being whether the stake was in fact located on the true boundary.

BOUNDARIES—OFFICIAL SURVEY—EFFECT ON OWNERSHIP OF LAND.

2. Where defendant in fact owned no land west of a certain tract, a survey by the county surveyor, could not vest in defendant title to any such land.

BOUNDARIES—ESTABLISHMENT—SUFFICIENCY OF EVIDENCE.

3. In a suit to establish boundaries, evidence *held* to show that a strip of land claimed by the parties was not within the boundaries of defendant's land as described by his deed, and that it was not necessary to include such strip therein to make up the quantity conveyed to his predecessors.

DEEDS—CONSTRUCTION—QUANTITY OF LAND CONVEYED.

4. Where the descriptions of lands conveyed by two deeds taken from the public records, and no actual survey had ever been made, each deed calling for a certain number of chains in each direction, the unit of measurement not being otherwise expressed, a contention that the unit of measurement intended in the deeds was longer than the standard surveyor's chain, so as to increase the number of acres conveyed, was untenable.

From Jackson: HIERO K. HANNA, Judge.

This is a suit by Emily Clark and another against W. J. Boosey and others to establish the east line of plaintiffs' and the west line of defendants' land; to determine an adverse claim to a small strip of land lying south of defendant's premises, and to enjoin defendants from trespassing upon or in any manner interfering with plaintiffs' possession thereof. From a decree in favor of plaintiffs, defendants appeal.                    AFFIRMED.

Opinion by MR. CHIEF JUSTICE BEAN.

This is a suit to establish the east line of plaintiffs' and the west line of defendants' land, being the west boundary of the Armstrong Donation, in Jackson County, to determine an adverse claim to a small strip of land lying south of defendants' premises, and to enjoin and restrain defendants from trespassing upon plaintiffs' land, and interfering with their possession thereof.

1. In June, 1903, plaintiff, in pursuance of the provisions of Section 4907, B. & C. Comp., notified the county surveyor to survey and establish the boundary line between her premises and those of defendant, which was done accordingly. Defendant, however, refused to recognize the correctness of the line so established, continued to trespass upon the land belonging to plaintiff, as shown by such survey, and to greatly interfere with plaintiff's possession, which resulted in his arrest and conviction in the criminal court, and hence this suit. Defendant claims that the line established by the county surveyor is invalid, and not binding upon him, because the line between him and plaintiff was not, in fact, doubtful or uncertain; but he is not supported by the

testimony. After this suit had been put to issue, the parties stipulated that the line in question should be established by two surveyors selected by them, and a decree entered in accordance with the report of such surveyors. These surveyors were unable to agree upon the line because of a controversy as to the proper beginning point; this showing clearly that the line was disputed, doubtful, and uncertain. Defendant's contention is that because in 1888 the county surveyor, in running the exterior boundary of a triangular tract of land in the northwest corner of the Armstrong Donation, of which his present holding is a part, located a stake at what defendant now claims to be the northwest corner of his land, and since there is no controversy about the true location of such stake, there can be no uncertainty as to his line. Whether the stake referred to was in fact located on the west boundary of the Armstrong claim is the question in dispute.

2. Defendant owns no land west of that claim and the line was not conclusively determined by the survey in 1888, nor could such survey vest in defendant or his predecessor title to any land west of the Armstrong claim. The line in question was therefore doubtful, disputed, and uncertain within the meaning of the statute as interpreted in *Egan* v. *Finney,* 42 Or. 509 (72 Pac. 133), and the survey made by the county surveyor in pursuance of such statute is binding upon the parties and conclusively establishes the line if the statute is valid; but, whether it is or not, we are satisfied that the line as surveyed and established by the county surveyor in 1903 is the correct line between the premises of the parties. Indeed, there is no evidence to controvert it, except on the theory that the stake set by the county surveyor in 1888 is the true northwest corner of defendant's land, and that is the disputed fact in the case. The evidence, it seems to us, all shows that the surveyor made

a mistake, and located the stake in question some 8 or 10 feet west of the line.

3. The controversy as to the small strip of land south of defendant's premises seems to have arisen in this way: In 1889 John H. Downing was the owner of a considerable tract of land, including that now owned by defendant. On the 26th of January he sold and conveyed to Enos Blair, defendant's predecessor in interest, 15 acres off the north end of the land owned by him, beginning the description thereof at the northwest corner; the west line extending a certain number of chains south therefrom. In July following he deeded the remainder of the tract, north of the section line between sections 16 and 21, to James L. Downing, beginning the description at the section line and running north a certain number of chains. Neither of these tracts were surveyed or the lines located on the ground at the time or prior to the making of the deeds; but the descriptions were obtained from the public records. Upon an actual survey of the two tracts conveyed by Downing according to the descriptions contained in the deeds, it was ascertained that they did not join, and that Downing still owned a small strip a few feet wide between them. This he subsequently conveyed to the plaintiff, who constructed a road thereon leading from her premises to the county road.

4. When the survey was made, and defendant ascertained that there was a strip of land between his premises and that sold by Downing on the south, he expressly disclaimed any interest therein, but he subsequently changed his mind, denied plaintiff's title thereto, destroyed his roadway, and threatened, by force and violence, to prevent plaintiff from traveling over it. All the evidence concurs that the strip in question is not within the boundary of defendant's land as described in his deed, nor is it necessary to make up the quantity of land intended to be conveyed by Downing to his predecessor in interest.

A claim seems to be made, however, that the unit of measurement intended in the two deeds made by Downing was a chain .67 of a link longer than the standard surveyor's chain. But, since neither tract was actually surveyed or the lines measured or located at the time or prior to the conveyances, we cannot understand the process of reasoning by which it is attempted to support defendant's position. Each deed calls for a tract of land extending a certain number of chains north and south and a certain number east and west, and there is nothing to indicate that the unit of measurement was to be anything other than expressed in the deeds.

Finding no error in the record, the judgment is affirmed.                                     AFFIRMED.

