GEITZ, Respondent, vs. MILWAUKEE CITY RAILWAY COMPANY, Appellant.

*September 19 — October 9, 1888.*

*Street railways: Injury to passenger riding on foot-board of open car: Negligence: Court and jury.*

Upon the evidence in this case — showing, among other things, that the plaintiff took passage on an open car drawn by horses, going west, on the defendant's street railway; that, the seats being all occupied and there being no room to stand between them, he, with other passengers, stood on the foot-board along the side of the car, holding to one of the posts supporting its roof; that the conductor

collected his fare, but made no effort to prevent him from so riding upon the foot-board; that, after passing several closed cars (which were narrower than the open ones) going east, they met an open car which was empty and was being driven rapidly on a descending grade; that, as it passed, one of the posts of such car struck and injured the plaintiff; that when the two open cars were standing on the tracks side by side their posts were twenty-five inches apart; and that the employees of the defendant had made great exertions during that day to warn passengers of the danger in meeting cars on the track and to avoid casualties — it is *held* that the questions whether it was negligence on the part of the plaintiff to ride in such place, how far he had notice of the dangers of his position, whether he used proper precautions to secure his safety, whether the speed with which the east-bound car was being driven caused or contributed to the injury, and if so, whether, in view of the proximity of the cars to each other, it was negligence to drive at such speed, were properly submitted to the jury.

.APPEAL from the Circuit Court for *Milwaukee* County. This action was brought to recover damages for personal injuries alleged to have been suffered by the plaintiff, by means of the negligence of the defendant company, when a passenger on one of its cars.

The defendant owns and operates a street railway in the city of Milwaukee, the cars upon which are drawn by horses. A portion of this railway extends from Fifth street west, along Chestnut street, to Twenty-first street and beyond. It has two tracks, the inside rails of which are three feet three inches apart. The north track is used for cars going west, and the south track for cars going east. The defendant company uses on these tracks closed cars and open or summer cars, the latter being longer and wider than the former.

On September 15, 1887, the plaintiff, who resided a short distance west of Milwaukee, came to the city, and started to go to the state fair which was then in progress. He took passage at Fifth street on one of the open cars of the defendant company, going west. The seats in the car were

all occupied, and several passengers were standing upon the foot-boards running from platform to platform of the car. The plaintiff took a position upon the south foot-board, and supported himself by placing an arm around one of the posts which support the roof of the car. All of the cars going west at about that time seemed to have been crowded with passengers, and the foot-boards of the open cars were also occupied. The plaintiff had his right arm around the post, and was facing west, in the direction the car was moving. Before the car reached Twentieth street it had met many other cars, probably fifteen or more, going east; but the testimony tends to show that they were all closed cars. A short distance west of Twentieth street the car met another open car, going east. At this point the road descended to the east. The east-bound car was empty, and the horses drawing it passed the other car on a trot. One of the rear posts of the east-bound car struck the plaintiff upon his shoulder and head, throwing him to the ground, and inflicting the injuries complained of.

By actual measurement, when two open cars were standing on the tracks side by side, the inner foot-boards were only five and a half inches apart. These foot-boards were each seven inches wide, and the inside posts of the cars were twenty-five inches apart.

The testimony on the trial tends strongly to show that the officers and employees of the defendant company made great exertions during that day to warn passengers of the danger in meeting cars on the track and to avoid casualties.

The conductor collected fare of the plaintiff when he was so riding upon the foot-board of the car, and made no effort to prevent him or any other passengers from so riding there.

On the trial of the cause the jury found a special verdict, to the effect that the foot-board of the car where the plaint-

iff was riding, when meeting another open car, was a place of danger; that the plaintiff did not know that it was dangerous, but the defendant company did; that the plaintiff did not lean towards the approaching car voluntarily; that there was no room for him to stand in the aisles of the car, between the seats, with reasonable comfort; that he was not warned of the approaching car, and to take care, in time to have avoided the injury; that, under the circumstances, it was an act of ordinary care and prudence on his part to ride at the place and in the manner he did; that he was not guilty of any want of ordinary care which contributed to the injury; that the open cars of the company were built too wide to carry passengers on the inside foot-board with safety; that the car which injured the plaintiff was being driven dangerously fast when he was so injured; that the negligence of the defendant in the management of its cars caused or contributed to the injury complained of; and that the plaintiff was injured to the amount of $300.

A motion for a new trial was denied, and judgment for the plaintiff rendered for the damgaes assessed by the jury and costs.   The defendant appeals from the judgment.

For the appellant there was a brief by *Finches, Lynde & Miller* and *E. P. Smith,* and oral argument by *Mr. Smith.* They contended, *inter alia,* that the uncontradicted evidence demonstrates, as a matter of law, that the ledge or side-step of the car was a place of danger, and the evidence was undisputed that this step was not designed or intended for carrying passengers.   See 2 Thomp. on Neg. 1238, sec. 12; *Hickey v. B. & L. R. Co.* 14 Allen, 432; *Quinn v. I. C. R. Co.* 51 Ill. 495; *Spooner v. Brooklyn C. R. Co.* 31 Barb. 419; 36 id. 217; *Tregear v. D. D. R. Co.* 14 Abb. Pr. (N. S.), 49–58; *Solomon v. C. P., N. & E. R. Co.* 1 Sweeny, 291–301; *Downey v. Hendrie,* 46 Mich. 498.   The evidence is uncontradicted that the defendant unnecessarily and voluntarily got upon this car in a place of exposure

and danger; and the law, under the circumstances of this case, will take notice that he must have known it to be such. Regard must be had to the passenger's capacity to look out for himself, to the opportunity there may be to get to a safer position, to the distinctness, certainty, and extent or degree of the peril. *Downey v. Hendrie*, 46 Mich. 494–501; *Hoye v. C. & N. W. R. Co.* 67 Wis. 1, 15; *Hughes v. G., H. & S. A. R. Co.* 67 Tex. 595; *Horton v. Ipswich*, 12 Cush. 488; *Hawes v. Fox Lake*, 33 Wis. 438; *Kelley v. Fond du Lac*, 31 id. 186; *Penn. R. Co. v. Langdon*, 92 Pa. St. 21; *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 616; *Blair v. G. R. & I. R. Co.* 60 Mich. 124. The danger being obvious, the plaintiff was not excused if he occupied a place of danger by order or permission of the defendant's servants. *Railway v. Jones*, 95 U. S. 443; *South & N. A. R. Co. v. Schaufler*, 75 Ala. 142; Patterson, Railway Accident Law, sec. 276. Nothing shows that the conductor had any authority to permit him to ride upon the side-step, or to receive fare therefor. *Int. & G. N. R. Co. v. Cock*, 68 Tex. 713. It is equally clear that plaintiff's negligence while standing on the platform contributed to the injury. See *Ind. & C. R. Co. v. Rutherford*, 29 Ind. 82; *Todd v. O. C. & F. R. R. Co.* 3 Allen, 18; Shearm. & Redf. on Neg. sec. 34, note 1.

For the respondent there was a brief by *Clarke & McAuliffe*, and oral argument by *J. M. Clarke*. The degree of care to be exercised in riding upon a railway train drawn by locomotive power is much greater to constitute it " ordinary," than that required in riding upon street railroad cars drawn by horse power. Thompson on Carriers of Passengers, 444, sec. 6; 20 Cent. L. J. 104, sec. 4, and cases cited. Riding upon the platform from necessity, when the car is full and the passengers exercise due care while in such position, has never been held to be an act of negligence, especially if the conductor receives the passenger's

fare. *Clark v. Eighth Ave. R. Co.* 36 N. Y. 135; 20 Cent. L. J. 105, secs. 5, 6, and cases cited; *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 447; 24 N. W. Rep. 622, note; *Ginna v. Second Ave. R. Co.* 67 N. Y. 596; *Nolan v. B. C. & N. R. Co.* 87 id. 63; *Burns v. Bellefontaine R. Co.* 50 Mo. 139.

LYON, J. We doubt whether the jury should have found that the plaintiff was not warned by the employees of the company of the danger in riding upon the inside foot-board of the car. The testimony is quite strong that special care was taken by the company to cause full warning of such danger to be given to all passengers upon its cars. Yet, in the view we have taken of this case, we do not think the judgment would necessarily be different had the jury found differently on this question. It is quite certain that there was some peril attendant upon riding in that place to which passengers seated in the car were not subjected; yet, in view of the fact that the car was propelled by horses instead of steam-power, and hence moved less rapidly and was more easily managed, we cannot say it was negligence *per se* for the plaintiff to ride on the foot-board. Whether his riding there was a negligent act was a proper question for the jury to determine, in the light of all the facts in the case. The jury have determined that it was not negligence on the part of the plaintiff to ride there, and the finding cannot properly be disturbed.

The peril found by the jury existed only when the two open cars met, and was caused by their close proximity. The defendant is chargeable with notice of the peril, for it must be conclusively presumed that its officers and superintendents were cognizant of all the conditions which created the peril. Not so, however, with the plaintiff. He had already met several cars without injury; and, although he saw the open car in question approaching, he is not neces-

sarily chargeable with knowledge that any conditions existed which required him to use greater precautions for his personal safety in meeting such car than he had successfully used when meeting the others. Hence it was fairly a question for the jury as to how far he had notice of such conditions, and whether he did or did not use proper precautions to secure his personal safety.

The immediate cause of the injury, as found by the jury, was the dangerously rapid speed at which the east-bound car was being driven. We suppose it is common knowledge that a car being propelled upon a railroad track will be swayed by the inequalities of the track, and that the more rapidly it is driven the more it is liable to vary from a perpendicular. While we find no direct evidence concerning the condition of the track at the point of injury, yet we think a jury would be warranted in believing, under all the testimony in the case, that the east-bound car, being empty and rapidly driven on a descending grade, would be very likely to be swayed from a perpendicular by its rapid motion. It is very probable that this cause narrowed the space between the two cars which otherwise would have existed, and thus produced the injury. At any rate, these and other conditions were proper for the consideration of the jury; and it was for them, and not the court, to draw the proper inferences therefrom, and say whether or not the speed with which the east-bound car was being driven caused or contributed to the injury of the plaintiff; and if so, whether, in view of the close proximity of the cars to each other, it was negligence to drive at such speed.

We conclude, therefore, that the questions of the negligence of the plaintiff, and of the company and its employees, were properly submitted to the jury, and that the findings of the jury thereupon are supported by the testimony. The record discloses no material error of which the defendant can justly complain.

An elaborate and able argument for reversal was submitted by counsel for defendant, in which numerous adjudications by this court and other courts on the subject of negligence are cited and relied upon. The rules of law applicable to this subject are reasonably well settled. The only difficulty consists in applying those rules to the facts of each particular case. In making such application cases involving different conditions are not always, or usually, safe guides to correct judgment. Each case must necessarily be determined upon its own facts. Hence, while conceding that most of the cases cited were correctly decided, it is not deemed necessary to refer to them in detail.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 39 N. W. Rep. 868.— REP.