SEYMOUR, *Appellant,* v. THE CITIZENS' RAILWAY COMPANY.

Division One, February 27, 1893.

1. **Negligence:** HORSE RAILWAY: PASSENGER RIDING ON PLATFORM. It is not negligence *per se* on the part of a passenger on a horse railway car to ride on the platform, and this is true regardless of the question of room in the car.

2. ———: ———: ———. Nor is it negligence as a matter of law for such passenger to stand on the step of the car outside of the gate placed between the step and the platform, where he does so by direction of the driver.

3. ———: ———: ———: CONTRIBUTORY NEGLIGENCE. Whether or not the passenger was guilty of contributory negligence in failing to see a derrick adjoining the track by which he was injured, was in this case a question for the jury.

4. ———: ———: ———. The defendant's track having been placed in its position near the derrick on the morning of the day of the accident, the defendant must have known of its proximity to the cars, and it became its duty to use all reasonable care to avoid exposing passengers to danger, and especially is this true in view of the fact that passengers were allowed to stand on the side steps of the cars.

5. ———: ———: ———. The act of the legislature of January 16, 1860 (Laws, p. 516) providing that street railway companies in St. Louis "shall not be liable for injuries to persons occasioned by their getting on or off the cars at the front or forward end of the car," does not apply to a case where the passenger at the time of the injury is not getting on or off but is riding on the steps of the platform with the knowledge and by the direction of the driver.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*A. R. Taylor* for appellant.

(1) The plaintiff having been received as a passenger upon defendant's car and on the step of the front platform, and being ready to pay his fare as such, and defendant having provided no better or safer place for plaintiff to ride as such passenger, he, as such passenger on said step, was entitled to the highest practical care for his protection there. *Wilmot v. Railroad*, 16 S. W. Rep. 500; *Wagner v. Railroad*, 97 Mo. 521; *McGee v. Railroad*, 92 Mo. 217; *Muehlhausen v. Railroad*, 91 Mo. 344; *Burns v. Railroad*, 50 Mo. 140. (2) Standing on the step of the front platform is not negligence *per se*, even though there be room inside the car. Case is for the jury. *Wilmot v. Railroad, supra; Railroad v. Walling*, 2 American & English Railroad Cases (Pa.), 20; *Dickinson v. Railroad*, 53 Mich. 459; *Railroad v. Werle*, 98 N. Y. 650; *Railroad v. May*, 27 American & English Railroad Cases (N. J.), 152; *Railroad v. Gallagher*, 108 Pa. St. 524; *Railroad v. Walling*, 97 Pa. St. 61; *Powers v. Boston*, 27 N. E. Rep. 996; *Railroad v. Hurst*, 93 U. S. 294; *Tabby v. Railroad*, 82 Mo. 300; *Hulsenkamp v. Railroad*, 37 Mo. 539; *McKeon v. Railroad*, 42 Mo.; *Nissen v. Railroad*, 19 Mo. App. 662.

*Smith P. Galt* for respondent.

(1) The non-suit was properly granted. When a person knowingly takes a position which is a direct, evident and necessary exposure to danger from the injury which he receives, and the being in that position

contributes to or is the proximate cause of the receiving the injury, then he directly contributes to it, and cannot make another party pay him the damages sustained by reason of his own act. And the record here demonstrates that that is this case. (2) By the very terms of the act of 1869, pleaded as an additional defense, the defendant was not liable for injuries occasioned to plaintiff by his getting on "the front or forward end of the car."

BLACK, P. J.—The plaintiff brought this suit against the defendant, a street railway company, to recover damages for injuries which he sustained while a passenger on one of defendant's cars. At the close of the plaintiff's evidence, the defendant interposed a demurrer thereto, which was sustained, and the plaintiff appealed.

The evidence discloses the following facts: The defendant's road runs east and west along Easton avenue in the city of St. Louis. At the time of the accident the defendant was converting its horse railroad into a cable road. The accident occurred on Sunday, the eighteenth of December, 1887. On that day the plaintiff had been engaged in finishing up the new track by putting gravel between the paving stones at a point near Taylor avenue, which was about three fourths of a mile west of the place of the accident. The plaintiff was in the employ of contractors, and was not in the employ of defendant. At five o'clock in the evening of that day he took a car going east. According to his evidence he got on the car when it stopped at Taylor avenue. It seems the car was full of passengers so that there was neither sitting nor standing room on the inside. He first went to the rear platform, but found so many persons standing on it that he could not get on. He then went to the forward platform and found

that crowded with passengers. There was an iron gate at the front platform extending from the outer side of the car across the platform to the dashboard, and the gate extended down to within a few inches of a step leading up to the platform, which step extended out six or seven inches beyond the outer line of the car. He and another person by the name of Kelly stood on this step. After going one or two blocks the driver, who was at the dashboard, said to them "you had better take out the gate and get inside." They took the gate out but could not find standing room on the platform. Plaintiff said "I will try to sit down here and hold the gate." It seems he proposed to sit on the edge of the platform, resting his feet on the step, and held the gate in his lap, but the driver would not allow him to do that. Being asked why he did not stand on the inside of the gate and put it up, he said, "I could not stand there; I had no room on the step inside of the gate." The driver then told him to get on the outside and put the gate in its place. Plaintiff and Kelly then put the gate in place and stood on the step outside of it. They occupied this position while going a distance of about a half mile. The plaintiff held to the car with his left hand and to the gate with his right with his dinner bucket on the right arm. Kelly held to the gate with one hand and to the dashboard with the other. When they reached Sarah street the plaintiff was struck by a projecting timber of a derrick standing on the street and knocked off. He fell upon the side of an embankment extending some eighteen inches or two feet above the track; his feet slipped under the car wheels. Both legs were crushed so as to necessitate amputation below the knees.

The defendant company had nothing to do with this derrick. It was a large contrivance used by contractors in constructing a sewer and was moved along

as the work of the sewer progressed. It consisted of timbers, pulleys, a track and a dumping apparatus. The end next the car was about four feet high and the other end much higher. At the lower end a timber projected out within ten inches of the passing car, and it was this projecting timber which struck the plaintiff. A policeman who reached the place a few minutes after the accident says he fouud a nail in the end of the timber with an unlighted lamp hanging on it. This projecting timber was on a line with the lower edge of the windows of the car, that is to say half way up the car.

It appears Kelly, the other person standing on the step, was not injured. The evidence tends to show that he was leaning over the dashboard talking to the driver.

The derrick had been at or near this place for several days and the plaintiff had seen it in going to and from his work. He knew they were constructing a sewer at that point. He says he did not see the derrick at the time of the accident, and did not know how close it was to the car. The derrick was on the south side of the street car track, which track had been moved from the north side of the street on the morning of the day of the accident, thus throwing the cars nearer to the projecting timber than before.

Plaintiff says that at the time of the accident he was looking out sideways, more to the east than to the north; that he was looking for teams on the road belonging to his boss. His evidence tends to show that he stated on the former trial that he feared these wagons might catch him and he was looking out for them, but on the last trial he says he was just looking to see where they were. It appears the car was moving on a down grade, and one witness says it was going as fast as he ever saw a car go. The plaintiff says the car

was going "as fast as they could travel at that grade." The plaintiff had not paid his fare at the time of the accident, but says he had the money in his pocket to pay it when demanded.

When speaking of the time the driver told him to replace the gate, the plaintiff was asked this question: "Do you know whether the driver and conductor were the same persons on those cars; do they have any extra conductor or extra driver? *A.* I think this was a man that used to change off with the other driver. I mean he took charge of the car for a certain distance on the road while the other man collected the fares. He then got off and went back to another car, as near as I can tell." The plaintiff says he had observed these horse cars for two months, that they carried passengers on the platform when crowded, and that on such occasions they carried passengers on the front and rear steps.

1. It is conceded on all hands that the plaintiff was a passenger on this car; and the question here is whether he was, as a matter of law, guilty of contributory negligence in riding on the step on the outside of the gate. The law is now well settled that it is not negligence *per se* on the part of a passenger on a horse car to ride on the platform, and this is true whether there is or is not room in the car. The passenger being on the platform when injured by the negligence of the driver or other servant of the defendant, the question of contributory negligence is one for the jury and not for the court. *Burns v. Railroad,* 50 Mo. 139; *Railroad v. Walling,* 97 Pa. St. 55; *Maguire v. Railroad,* 115 Mass. 239; *Railroad v. May,* 27 American & English Railroad Cases, 151; *Meesel v. Railroad,* 8 Allen, 234; *Nolan v. Railroad,* 87 N. Y. 63; *Fleck v. Railroad,* 134 Mass. 480; *Upham v. Railroad,* 85 Mich. 12; *Lehr v. Railroad,* 118 N. Y. 556.

There can be no doubt but riding on the step or platform of such a car is attended with more danger than riding in the car; and if a passenger will take a position upon such a place in violation of the rules of the company and the warning of the servants in charge of the car, he is guilty of negligence. *Wills v. Railroad*, 129 Mass. 351. Here the closed gate was of itself a warning that this front platform was not a proper place to stand or even to gain access to the car. Nothing more appearing than this, that the plaintiff took this position on the step with the closed gate between him and the platform and that he was knocked off by coming in contact with the derrick, we should have no hesitancy in upholding the ruling of the trial court. These facts only appearing the plaintiff should be held guilty of contributory negligence. Indeed these facts only appearing we do not see where there was any negligence on the part of the defendant.

But if a passenger assumes a position of danger at the invitation of a servant of the carrier, or under an express or implied representation that he may safely occupy the position, the carrier will, in general, be held liable for injuries resulting therefrom. 2 American & English Encyclopedia of Law, 766, and cases cited. In *Railroad v. Lee*, 50 N. J. L. 435, the plaintiff in the trial court was invited by the defendant's agent to take an open horse car. The seats were full and he was obliged to take a place with others on a foot-board running lengthwise with the car. He entered the car at a point where the company had but one track. When passing a point where there was a double track he was knocked off by a passenger standing on the foot-board of a like car passing in the other direction. The plaintiff was a stranger to the road. It was held that if there was any question of contributory negligence, it was one for the jury and not the court.

In *Geitz v. Railroad*, 72 Wis. 307, the plaintiff took passage on an open street railroad car. The seats were all occupied, and passengers were standing upon the foot-boards running from platform to platform. The plaintiff took a position upon one of these foot-boards, supporting himself by placing one arm around a post which supported the roof of the car. One of the rear posts of a like car going in the other direction struck him, throwing him to the ground. Says the court: "We cannot say it was negligence *per se* for the plaintiff to ride on the foot-board. Whether his riding there was a negligent act was a proper question for the jury to determine in the light of all the facts in the case." The case of *Railroad v. Higgs*, 38 Kan. 375, is quite like those just cited.

In *Willmott v. Railroad*, 106 Mo. 535, the plaintiff, a boy, took a position on the lower step of the front platform of the car, holding onto a rod attached to the car. The driver received his fare. There was evidence tending to show that he was thrown from his place and injured by the negligence of the driver in whipping the mules. This court refused to say that the boy was, as a matter of law, guilty of contributory negligence, and in doing so treated him as an adult person.

We have said, nothing more appearing than this, that the plaintiff took this position on the step with the gate between him and the platform, we should uphold the ruling sustaining the demurrer to the evidence. But what are the additional facts? Though this car was crowded with passengers, it stopped at Taylor avenue, and this was an invitation to plaintiff and others to get on, no contrary announcement being made or given. Indeed there is evidence tending to show that some ladies got on at that place. The plaintiff and Kelly took a position on this step to the front

platform for want of room elsewhere, and this too with the knowledge of the driver. Having gone one or two blocks, they, by the driver's direction, took out the gate but could find no standing room on the platform. The driver then directed them to put the gate in place and stand on the outside, and this order they obeyed and were thus carried for a half mile before the accident.

In short the plaintiff was received as a passenger and was by the driver permitted and even directed to take this position on the step outside of the gate; and, applying the rule of the authorities cited, it cannot be said that the plaintiff was, as a matter of law, guilty of contributory negligence.

A passenger has no right to take a position, even at the direction of the servant, which is obviously dangerous, and in such case the direction of the servant will be no excuse. Thus it was held, and properly held, in *Downey v. Hendrie*, 46 Mich. 498, that it was negligence *per se* for a passenger of common sense to sit on the driving bar of a street car, though he did so at the invitation of the driver, there being room on the inside of the car. Standing on the step of a car cannot be said to fall within this principle. The danger of such a position is not so obvious that it can be said a reasonable man would disobey the invitation or direction.

2. The evidence of the plaintiff shows that he knew parties were constructing a sewer at Sarah street and that he had seen this derrick in the street when passing to and from his work. The defendant's track had been moved over towards the derrick on the morning of the day of this accident. There is nothing in these circumstances from which the court can say the plaintiff was, as a matter of law, guilty of contributory negligence in failing to see the derrick. Whether

he was guilty of negligence in this respect was and is a question of fact for the jury. *Powers v. Boston*, 27 N. E. Rep. (Mass.) 995, is in point. There is no room for any other conclusion as to this question.

3. There is also evidence tending to show negligence on the part of the defendant. The track was placed in this position near the derrick on the morning of the day of the accident, and the defendant must have known of its proximity to the cars. With such knowledge it became the duty of defendant to use all reasonable care to avoid exposing passengers to danger, and especially is this so in view of the fact that passengers were allowed to stand on the side steps of the car. There is evidence of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff; but they are, in both cases, questions of fact for the jury. Certainly so as the case now stands.

4. The defendant pleads as a defense the ninth section of "an act concerning street railroads in the city of St. Louis," approved January 16, 1860, which provides: "Said railroad companies shall not be liable for injuries to persons occasioned by their getting on or off the cars at the front or forward end of the car." This court said in *Muehlhausen v. Railroad*, 91 Mo. 347, "the act of 1860 only exempts the company from liability for injury to any person sustaining such injury by *getting on or off* the front end of a car, but does not deny the right of a passenger to recover, who, through the negligence of a defendant company, was either thrown or caused to fall off such front end or platform." Surely the statute cannot and does not apply to a case like the one in hand, where the passenger at the time of the injury is not getting on or off but is riding on the steps of the platform with the knowledge and by the direction of the driver. The judgment in this case is reversed and the cause remanded for further proceedings. All concur.