## NATIONAL WALL PAPER COMPANY, APPELLANT, *v.* M'PHERSON ET AL., RESPONDENT.

[Submitted April 8, 1897.   Decided April 12, 1897.]

*Pleadings—Denials—Fraudulent Conveyance.*

PLEADINGS—*Denials.*—An answer which merely denies "each and every allegation of the complaint not herein specifically admitted," does not deny the allegations of fraudulent intent set forth in a complaint in an action to set aside a conveyance on th· ground of fraud.

SAME.—Affirmative allegations in the answer may have the same effect as specific denials· of the allegations of the complaint, and in such case plaintiff's motion for judgment on the pleadings is properly denied.

N. B. This case was decided under former code of practice.

*Appeal from District Court, Gallatin County. Frank K. Armstrong, Judge.*

CREDITORS' SUIT by the National Wall Paper Company against L. W. McPherson and Melissa Lewis, executrix of S. W. Lewis, deceased, to set aside conveyances from McPherson to Lewis, as in fraud of creditors. Judgment for defendants, and plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action brought to set aside a deed of assignment of certain personal property and certain conveyances of real property described in the complaint. The complain· alleges that on the 20th day of March, 1895, the plaintiff recovered judgment in the district court of Gallatin county against the defendant McPherson, for the sum of $417.94, with interest and costs; that thereafter an execution was issued on said judgment, and directed to the sheriff of said county, who afterward returned the same wholly unsatisfied; that, at the time of the recovery of such judgment, the defendant McPherson was the owner of a certain stock of goods in the city of Bozeman, alleged to be of the value of $1,800, and of certain real estate, described in the complaint of the value of $800.

It is alleged that on the 5th day of April, 1894, the defendant McPherson executed a pretended deed of assignment of said stock of merchandise to defendant Lewis, and that on the same day the said defendant McPherson and his wife executed a deed to said Lewis to the real estate mentioned in the complaint; and on the 7th day of September, 1894, it is alleged that the said McPherson executed to said Lewis another deed to said real estate, which was intended to correct an error in the first deed thereto. The complaint alleges that the deed of assignment of said stock of merchandise and the conveyances of said real estate to Lewis by the defendant McPherson were without consideration, fraudulent, and void, and made for the purpose of hindering and delaying the creditors of the defendant McPherson. Judgment was asked that the same be set aside and vacated, on the ground of fraud in the execution thereof. The answer denies each and every allegation of plaintiff's complaint not therein specifically admitted. It is specifically admitted in the answer that the plaintiff is a corporation; that plaintiff recovered judgment as alleged against the defendant McPherson; and that execution was issued and returned as in said complaint alleged. It is also admitted that, at the time of such recovery of the judgment, defendant McPherson was a merchant and the owner of certain goods, wares, and merchandise in the city of Bozeman, as alleged in said complaint. The answer does not contain any specific denial that the deed of assignment and the conveyances mentioned in the complaint were fraudulent and void, and made for the purpose of hindering and delaying the creditors of defendant McPherson. The answer alleges affirmatively that on the 5th day of April, 1894, the defendant McPherson made an assignment of the stock of goods mentioned in the complaint to the defendant Lewis, in trust for the benefit of his creditors named in said deed of assignment, and that, immediately after the execution of said deed of assignment, Lewis took actual and exclusive possession of said stock of merchandise, and entered upon his duties in accordance with the trust created thereby. It further alleges the value of the goods to

be $450, and that said Lewis was not able to realize more than $325 from the sale of said stock of merchandise. The answer then alleges that on the 5th day of April, 1894, at the time of the assignment of said goods to Lewis by McPherson, McPherson was indebted to said Lewis in the sum of $1,000, with interest, and that, for the purpose of partly paying said sum of $1,000, the defendant McPherson and his wife conveyed to the defendant Lewis the interest of said McPherson and wife in and to the real estate mentioned in the complaint; that on the date of the conveyance of said real estate, and for a long time prior thereto, the defendants were joint tenants and owners of said real estate, each owning one-half thereof; and that the conveyance aforesaid from McPherson to Lewis conveyed McPherson's one-half interest in said real estate. It is also alleged that said deed of assignment and said conveyances of the real estate were both executed by McPherson to Lewis for the purpose of paying his just debts which were then due and owing to Lewis and others. The plaintiff moved the court for judgment on the pleadings, which said motion was by the court overruled; and the plaintiff was thereupon given ten days in which to elect to stand on his motion or file a reply. The plaintiff thereafter elected to stand on his motion, and declined to reply. The case having been set for trial, and, the plaintiff failing to appear to further prosecute said case, the same was dismissed for want of prosecution, and judgment rendered dismissing the complaint of plaintiff, and for costs, in favor of defendants, from which judgment plaintiff appeals. After judgment in the district court, defendant S. W. Lewis died, and Melissa Lewis was substituted as his executrix.

*Cockrill & Pierce,* for Appellant.

*Luce & Luce,* for Respondents.

PEMBERTON, C. J.—The only question presented by this appeal is as to whether the district court erred in refusing to order judgment on the pleadings in favor of the plaintiff. The answer does not specifically deny the allegations of the com-

plaint to the effect that the instruments attacked were fraudulent and made with the intent to hinder and delay the creditors of defendant McPherson. There is a general denial in the answer of all the allegations of the complaint not specifically admitted; but we think this denial alone would not have been sufficient to prevent judgment on the pleadings. After the admissions shown in the statement, the answer sets up affirmatively that the deeds or conveyances attacked for fraud were made for the purpose of securing and paying defendant McPherson's debts then due and owing, and in consideration of such debts. This constitutes the substantial averment of the answer. While it does not specifically deny the allegations of fraud contained in the complaint, the answer sets up affirmatively facts which, if true, constitute a defense. *Tudor* v. *De Long* (Mont.) 46 Pac. 258, and authorities cited. The facts pleaded affirmatively in the answer are tantamount to, and virtually constitute, a denial of the allegations of the complaint. In *Mauldin* v. *Ball*, 5 Mont. 96, 1 Pac. 409, a suit brought to recover possession of a mining claim and damages for removing ore therefrom, in which the question of pleading here involved was treated, this court said: "The plaintiffs charge that the ore was taken and extracted from ground owned by them, and this the defendant denies, by alleging that he owns the ground from whence the ore was extracted and taken. No completeness or distinctness would have been added to this issue if the plaintiffs had repeated in their replication what they had averred in their complaint, and alleged again that this ore was taken from the ground owned by them, by denying that it was taken from ground owned by the defendant." We think the affirmative allegations of the answer were, in effect, a substantial denial of the allegations of fraud contained in the complaint; as much so as if it denied specifically every allegation of the complaint in relation thereto. The judgment appealed from is affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.