GARRET G. DUNHAM v. PUBLIC SERVICE CORPORATION OF NEW JERSEY.

Submitted March 20, 1908—Decided June 8, 1908.

A declaration which alleges that a street car company carelessly and negligently suffered and permitted its car exits and running-board to be greatly crowded with passengers, whereby plaintiff, while attempting to alight, was thrown and injured, states a legal cause of action.

On demurrer to declaration. ·

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the plaintiff, *George W. V. Moy.*

For the defendant, *Leonard Tynan.*

The opinion of the court was delivered by

MINTURN, J. A demurrer is interposed to the first count of the declaration which alleges that the defendant company, having accepted the plaintiff as a passenger for hire, upon one of its cars in the city of Plainfield, "carelessly and negligently suffered and permitted said car, its exits and running-board, to be greatly crowded with passengers, whereby and by reason of said crowding, and while the said plaintiff was preparing to alight from said car, he was thrown" and injured, and the question is thus presented, whether this allegation presents a legal cause of action.

The argument that if plaintiff entered the crowded car he thereby contributed to his injury, is not presented by a proper construction of this declaration; for the fair inference is, that the plaintiff entered, and the defendant then suffered its car to become crowded, thereby creating a condition which, under the case of *Hansen* v. *North Jersey Street Railway Co.,* 35 *Vroom* 686, imposed liability upon the defendant. Nor can we say, in the light of the doctrine enunciated in that case, that a passenger, by entering a public conveyance more or less crowded, his fare being accepted, and the relation of passenger and carrier having been thereby created, *ipso facto* was chargeable with negligence. We should say, rather, that the condition is akin to that presented by a passenger, who stands upon the running-board of a crowded car. There, it may be truly said, the danger is obvious, and yet the Court of Errors and Appeals, in *Whalen* v. *Consolidated Traction Co.,* 32 *Id.* 606, held "that by taking his stand upon the running-board of the car the plaintiff assumed the risk of such damages as were obviously incident to that position; still the company, by

accepting him there as a passenger, owed to him the duty arising out of that relation." To the same effect is *City Railway Co. v. Lee,* 21 *Id.* 435. The acceptance of plaintiff as a passenger under the conditions affords the *ratio decidendi* in this and other jurisdictions. *West Chicago Street Railway Co. v. McNulty,* 64 *Ill. App.* 549; *Wood v. Brooklyn City Railway Co.,* 5 *N. Y. App.* 492; *Abel v. Northampton Traction Co.,* 212 *Pa. St.* 329; *Seller v. Market Street Railway Co.,* 139 *Cal.* 268; *Elliott v. Newport Street Railway Co.,* 18 *R. I.* 707; *Geitz v. Milwaukee Railway Co.,* 72 *Wis.* 307.

And so in the case at bar, it would seem to be a rational deduction or corollary, from the rule that a common carrier is required to exercise due care to anticipate danger, and to employ care to avert it, that the acceptance by it of a passenger upon a crowded car, presents a condition requiring it to exercise due care, under conditions and over an environment due to its own creation; and whether such care was exercised, and whether the passenger was chargeable with contributory negligence, in view of the conditions, necessarily become questions for the jury.

For these reasons the plaintiff is entitled to judgment on the demurrer.